FILED

2024 Sep-04  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| HEATH BERRY, ET AL., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM C. BAILEY, ROBERT E. | ) | CIVIL ACTION NO. |
| CRAMER, JIM SCANLON, JED | ) | 5:24-cv-00522-CLM |
| DEASON, JIM POSS, CAROL | ) | |
| TEVEPAUGH, JOHN F. | ) | |
| THOMPSON, ARGENT FINANCIAL | ) | |
| GROUP, INC., ARGENT TRUST | ) | JUDGE COREY L. MAZE |
| COMPANY, and STEPHEN A. | ) | |
| MARTIN | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

# ARGENT TRUST COMPANY, ARGENT FINANCIAL GROUP, INC., AND STEPHEN MARTIN'S CONTESTED MOTION TO DISMISS THE <u>SECOND AMENDED COMPLAINT</u>

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................2

    I.    Radiance's Stock Is Held In An ERISA-Regulated ESOP, Which
Is Governed By The Terms Of The ESOP's Written Instruments........2

    II.    The Trust Agreement Limits Argent Trust's Fiduciary Duties As
Trustee. .................................................................................................3

    III.    The Complaint Attempts to Allege Various Fiduciary Breaches. ........7

STANDARD OF REVIEW .....................................................................................9

ARGUMENT .......................................................................................................10

    I.    The Court Should Dismiss the State Law Claims Because They
Are Preempted and Fail to State a Claim (Counts V and VI). ...........10

        A.    ERISA Preempts These State Law Claims. ...............................10

    II.    Plaintiffs' ERISA Claims Fail (Counts VII and VIII). .......................13

        A.    The Claims Against Stephen Martin And Argent Financial
Must Be Dismissed Because Neither Is A Fiduciary As
Matter Of Law. ..........................................................................13

        B.    The ERISA Claims Fail As A Matter Of Law Because The
ESOP Documents Refute That Argent Trust Had the
Authority That Plaintiffs Presume. ...........................................17

    III.    Plaintiffs' State Law and ERISA Claims Fail for Additional
Reasons. ...............................................................................................23

CONCLUSION ....................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aetna Health Inc. v. Davila*,
  542 U.S. 200 (2004) ..............................................................................10

*Alessi v. Raybestos-Manhattan, Inc.*,
  451 U.S. 504 (1981) ..............................................................................10

*Anoka Orthopaedic Assocs. v. Lechner*,
  910 F.2d 514 (8th Cir. 1990) ................................................................15

*Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan by & through
  Lyon v. Buth*,
  475 F. Supp. 3d 910 (E.D. Wis. 2020) ..................................................15

*Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan by & through
  Lyon v. Buth*,
  99 F.4th 928 (7th Cir. 2024) ..................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................9, 16

*Bacon v. Stiefel Lab'ys, Inc.*,
  677 F. Supp. 2d 1331 (S.D. Fla. 2010) ..................................................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................9

*Birmingham Plumbers & Steamfitters Loc. Union No. 91 Health & Welfare Tr.
  Fund v. Blue Cross Blue Shield*,
  2018 WL 1210930 (N.D. Ala. Mar. 8, 2018) .............................. 17, 21

*Burke v. Boeing Co.*,
  42 F.4th 716 (7th Cir. 2022) ..................................................................21

*Butero v. Royal Maccabees Life Ins. Co.*,
  174 F.3d 1207 (11th Cir. 1999) ..................................................... 12, 13

*Carolinas Elec. Workers Ret. Plan v. Zenith Am. Sols., Inc.*,
   658 F. App'x 966 (11th Cir. 2016) ........................................................13

*Clark v. PNC Bank, N.A.*,
   2014 WL 359932 (N.D. Ga. Feb. 3, 2014) ............................................6

*Coleman v. Nationwide Life Ins. Co.*,
   969 F.2d 54 (4th Cir. 1992) ........................................................ 18, 21

*Cotton v. Mass. Mut. Life Ins. Co.*,
   402 F.3d 1267 (11th Cir. 2005) .................................................. 17, 22

*Di Joseph v. Standard Ins. Co.*,
   776 F. App'x 343 (7th Cir. 2019) .........................................................12

*Dudley Supermarket, Inc. v. TransAmerica Life Ins. & Annuity Co.*,
   302 F.3d 1 (1st Cir. 2002) ...................................................................12

*Ellis v. Canada Life Ins. Co.*,
   2001 WL 1263660 (N.D. Ala. Oct. 16, 2001) ......................................13

*Firestone Tire & Rubber Co. v. Bruch*,
   489 U.S. 101 (1989) ............................................................................18

*Franklin v. QHG of Gadsden, Inc.*,
   127 F.3d 1024 (11th Cir. 1997) ...........................................................10

*Gobeille v. Liberty Mut. Ins. Co.*,
   577 U.S. 312 (2016) ............................................................................11

*Griffin Indus., Inc. v. Irvin*,
   496 F.3d 1189 (11th Cir. 2007) ...........................................................21

*Grimmett v. Dace*,
   34 F. Supp. 3d 712 (E.D. Mich. 2014) ................................................12

*Halperin v. Richards*,
   7 F.4th 534 (7th Cir. 2021) ..................................................... 11, 12, 13

*Hamilton v. Wal-Mart Stores, Inc.*,
   2005 WL 8158599 (N.D. Ala. May 17), *report & recommendation
   adopted in relevant part by* 2005 WL 8158626 (Sept. 15, 2005).........12

*Herman v. NationsBank Tr. Co., (Ga.)*,
    126 F.3d 1354 (11th Cir. 1997) ..............................................................20

*Horsley v. Feldt*,
    304 F.3d 1125 (11th Cir. 2002) ................................................................3

*In re Pure Res., Inc., Shareholders Litig.*,
    808 A.2d 421 (Del. Ch. 2002) .................................................................22

*Kerns v. Benefit Tr. Life Ins. Co.*,
    992 F.2d 214 (8th Cir. 1993) ..................................................................17

*Mass. Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985).................................................................................10

*N.L.R.B. v. Amax Coal Co.*,
    453 U.S. 322 (1981).................................................................................11

*Nagy v. DeWese*,
    771 F. Supp. 2d 502 (E.D. Pa. 2011).....................................................12

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*,
    514 U.S. 645 (1995).................................................................................10

*Nieto v. Ecker*,
    845 F.2d 868 (9th Cir. 1988) ..................................................................15

*Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse*,
    879 F.2d 1146 (3d Cir. 1989) ..................................................................15

*Pappas v. Buck Consultants, Inc.*,
    923 F.2d 531 (7th Cir. 1991) ..................................................................15

*Pegram v. Herdrich*,
    530 U.S. 211 (2000).................................................................................13

*Phillips v. Amoco Oil Co.*,
    799 F.2d 1464 (11th Cir. 1986) ..............................................................11

*Pilot Life Ins. Co. v. Dedeaux*,
    481 U.S. 57 (1987)...................................................................................11

*Rudd v. Branch Banking & Tr. Co.*,
   2016 WL 7177538 (N.D. Ala. Aug. 8, 2016) ......................................................19

*Smith v. Provident Bank*,
   170 F.3d 609 (6th Cir. 1999) .................................................................................12

*Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan Enters., Inc.*,
   793 F.2d 1456 (5th Cir. 1986) ...............................................................................21

*Stallworth v. AmSouth Bank*,
   709 So. 2d 458 (Ala. 1997)....................................................................................19

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)..................................................................................................6

*Weaver v. Prudential Ins. Co. of Am.*,
   763 F. Supp. 2d 930 (M.D. Tenn. 2010)................................................................12

*Yamauchi v. Cotterman*,
   84 F. Supp. 3d 993 (N.D. Cal. 2015) .....................................................................12

**Statutes**

29 U.S.C. § 1002(21)(a)........................................................................... 4, 13, 15, 17

29 U.S.C. § 1024(a)(1)..................................................................................................6

29 U.S.C. § 1102(a) ......................................................................................................3

29 U.S.C. § 1103(a) ......................................................................................................3

29 U.S.C. § 1103(a)(1).................................................................................................20

29 U.S.C. § 1104(a)(1)........................................................................................... 13, 20

29 U.S.C. § 1104(a)(1)(A)(i) .......................................................................................11

29 U.S.C. § 1107(d)(6)...................................................................................................3

29 U.S.C. § 1144(a) .....................................................................................................10

29 U.S.C. § 1144(b)(2).................................................................................................10

29 U.S.C. § 1144(b)(4).................................................................................................10

Ala. Code § 10A-2A-8.01(b) ......................................................................19

**Rules**

Fed. R. Evid. 201(b)(2) ...............................................................................6

**Regulations**

29 C.F.R. § 2550.407d-6..............................................................................3

Pursuant to Rule IV(B) of the Court's Initial Order Governing All Further Proceedings, prior to filing this motion counsel for Argent Trust Company, Argent Financial Group, Inc., and Stephen A. Martin advised Plaintiffs' counsel of their intent to file this Motion to Dismiss. Undersigned counsel understands that Plaintiffs oppose the Motion.

## INTRODUCTION

The Second Amended Complaint confuses defendants and scrambles the careful and complex requirements of ERISA. Allegations about the actions and responsibilities of *the company*, Radiance—including its Board of Directors or corporate leadership—cannot state a claim against *Argent Trust Company*, its employee (Steve Martin), or Argent Financial Group. Radiance—the "Company"—is owned by its employees through an "Employee Stock Ownership Plan," or an ESOP. An ESOP is an ERISA-regulated retirement plan. Argent Trust Company is the trustee for that ESOP, and its fiduciary duties run to the ESOP alone and are governed exclusively by written documents that spell out its role and responsibilities. The ERISA statute and the controlling documents that govern the ESOP bar the alleged claims against the Argent defendants as a matter of law.

*First*, ERISA preempts all of Plaintiffs' state law claims because they directly relate to and arise out of this ERISA-regulated plan. ERISA's preemption provision is broad and squarely applies here. That the initial complaint was removed to federal

1

court because ERISA applies to the allegations answers the question whether ERISA controls and preempts.

*Second*, the ERISA claims against Mr. Martin and Argent Financial Group fail because neither is a fiduciary under the law. The test here is simple and asks whether the governing ESOP documents (1) name either defendant as a fiduciary (they do not) or (2) allow either defendant any discretion to exercise fiduciary functions (they do not). That is why courts in other cases have dismissed claims against trust company employees—including Mr. Martin.

*Third*, the ERISA claims against Argent Trust Company fail because its discretion as a fiduciary is limited by the terms of the document governing its role as trustee. Those documents—incorporated by reference into the Complaint—make clear that Argent Trust Company cannot do what the Complaint claims it should have done. For that reason, a claim that it breached a duty it did not have necessarily fails.

## BACKGROUND

**I.    Radiance's Stock Is Held In An ERISA-Regulated ESOP, Which Is Governed By The Terms Of The ESOP's Written Instruments.**

Radiance's stock has been owned by its employees in an ESOP since 2008. Plaintiffs' Second Amended Complaint (the "Complaint") ¶ 3; Exhibit A at 1; *see also infra* n.1. An ESOP is a company-sponsored, ERISA-regulated defined contribution plan that is designed to invest primarily in the sponsoring company's

stock.  *See* 29 U.S.C. § 1107(d)(6); 29 C.F.R. § 2550.407d-6.  ERISA requires that the assets in a retirement benefit plan be "held in trust by one or more trustees," which "have exclusive authority and discretion to manage and control the assets of the plan."  29 U.S.C. § 1103(a).  Companies often hire an outside entity to serve as the trustee of an ESOP.  Defendant Argent Trust Company ("Argent Trust") was hired as the trustee for the Radiance ESOP.  Complaint ¶ 5.

Two governing documents apply here.  First, the Radiance ESOP operates pursuant to a written "Plan Document," called the Radiance Technologies, Inc. Employee Stock Ownership Plan.  *See* 29 U.S.C. § 1102(a); Complaint ¶ 36. Second, as trustee, Argent Trust's duties, powers, and rights with respect to the Radiance ESOP are set forth in the "Trust Agreement."  *See* 29 U.S.C. §§ 1102(a), 1103(a); Complaint ¶ 37; Exhibit B § 2.3.[1]

## II.    The Trust Agreement Limits Argent Trust's Fiduciary Duties As Trustee.

The Trust Agreement limits Argent Trust's control over the ESOP and its fiduciary duties to the Plan.  That is because ERISA cabins a trustee's fiduciary duties: They extend only "to the extent" the trustee (i) "exercises any discretionary

---

[1]    Plaintiffs cite, quote, and rely upon both the Plan Document and the Trust Agreement in their Complaint.  *See* Complaint ¶¶ 36-37.  Both documents are thus incorporated into the Complaint by reference and their full contents can be considered on this motion.  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  A true and correct copy of the Plan Document is attached as Exhibit A.  A true and correct copy of the Trust Agreement is attached as Exhibit B.

authority or discretionary control respecting management of [the] plan or exercises any authority or control respecting management or disposition of its assets"; (ii) renders investment advice; or (iii) "has any discretionary authority or discretionary responsibility in the administration of [the] plan."  29 U.S.C. § 1002(21)(a).  Where Argent Trust has discretionary authority, it has fiduciary duties.  By the same token, for matters on which Argent Trust lacks discretion or authority, it has no fiduciary duty.  Understanding the scope of Argent Trust's powers under the Trust Agreement is thus crucial to Plaintiffs' claims that Argent Trust breached its fiduciary duties.

Argent Trust's enumerated powers in the Trust Agreement relate mainly to the management of Radiance stock held in the ESOP for purposes not relevant to the allegations in the Complaint, or the investment of any other contributions or dividends paid into the ESOP.  *See* Exhibit B §§ 2.3(a)-(c), (f)-(v).  Argent Trust also has certain authority to exercise voting rights for the Radiance stock held in the ESOP.  *Id.* §§ 2.3(d), 3.3(b).  But Argent Trust's power to vote Radiance stock is limited, and varies depending in part on whether the stock has been allocated to an individual plan participant.

Specifically, because the Radiance ESOP is a "defined contribution" plan, it has individual accounts for each participant to which Radiance stock is allocated according to specific rules.  Exhibit A § 4.3.  Any *unallocated* stock—that is, stock not allocated to a specific participant's account—is held in an "Unallocated

4

Company Stock Suspense Account." *Id.* at § 1.54.

Argent Trust's voting responsibilities differ depending what stock it is voting. With respect to *unallocated* Radiance stock—if any—Argent Trust exercises voting rights in its discretion. Exhibit B §§ 2.3(d), 3.3(b). But with respect to stock allocated to a participant's individual account, those individual participants may "direct" Argent Trust how to vote that company stock. *Id.* § 3.3(b). The Trust Agreement expressly provides that individual participants are "named fiduciar[ies] of the [ESOP] as described in ERISA section 402(a)(2)" with respect to voting the stock held in their accounts. *Id.* The Plan Document, in turn, makes it Radiance's responsibility to "establish and communicate" the "procedure and method" for "each Participant [to] vote Company Stock" allocated to a participant's account. Exhibit A §§ 1.3, 2.4(j).

The provision of the Trust Agreement describing Argent Trust's powers to vote Radiance stock further specifies Argent Trust's responsibilities with respect to any vote on "any corporate merger or consolidation, . . . sale of substantially all of the assets of a trade or business[,] or such other transactions that may be prescribed by regulation." Exhibit B § 3.3(b). The provision states that Radiance—not Argent Trust—has "the responsibility for determining when a corporate matter has arisen that involves the voting of Company Stock" in such a circumstance. *Id.* When Radiance determines such a vote is necessary, it must "notify [Argent Trust] on a

timely basis of its determination." *Id.* Thus, Argent Trust has no discretion or authority to decide when a vote on any merger, consolidation, or asset sale should occur. When such a vote does occur, individual participants may direct Argent Trust how to vote shares allocated to his or her account. *Id.* Argent Trust has discretion to vote only (1) any unallocated shares, or (2) allocated shares for which Argent Trust does not receive voting directions. *Id.*[2]

Lastly, the Trust Agreement describes Argent Trust's responsibilities in the event of a "tender offer or other offer" to the shareholders directly to "purchase shares of Company Stock held by the Trust," rather than a Board-driven merger, consolidation, asset sale, or transaction. In the event of such a tender offer or other offer to the shareholders directly, Argent Trust is responsible for determining whether to tender and sell the shares. *Id.* § 3.3(c).

---

[2]    At all times relevant to Plaintiffs' allegations, all of the stock in the ESOP was allocated to individual participant accounts. We know this because each year, Radiance, the ESOP's administrator, must file an "Annual Return" with the Department of Labor (called a "Form 5500") describing—among other things—the assets held in the ESOP, which by law is publicly available on the Department's website. *See* 29 U.S.C. § 1024(a)(1). The 2022 Form 5500 for the Radiance ESOP reflects that as of year-end 2022, the Radiance stock held by the Radiance ESOP was worth $119,038,268, and all that stock was allocated to participant individual accounts. *See* Exhibit C, Radiance 2022 Form 5500, at PDF pg. 29 (stating value of Radiance common stock held by the ESOP); *id.* at 23 (stating value of "Allocated" Radiance common stock). *None of it* was unallocated. The Court can take judicial notice of Radiance's Form 5500 and that it reflects the allocation of Radiance stock in the ESOP. Fed. R. Evid. 201(b)(2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (on a motion to dismiss, court may consider the complaint and matters of which it may take judicial notice); *Clark v. PNC Bank, N.A.*, 2014 WL 359932, at *1 n.3 (N.D. Ga. Feb. 3, 2014) (taking judicial notice of SEC filings to establish fact of merger between corporate entities). This matters because it shows Argent Trust had limited discretionary authority to vote the stock held in the ESOP at all relevant times.

### III.    The Complaint Attempts to Allege Various Fiduciary Breaches.

The Complaint alleges that Argent Trust violated certain fiduciary duties in connection with alleged offers to purchase Radiance in 2023.  Complaint ¶¶ 13-35.  It alleges that the Radiance Board of Directors received 14 "offers" to purchase the company, which it then "culled down to the five 'best' offers."  *Id.* ¶ 21.  Plaintiffs assert that these five "offers" were roughly double the most recent valuation of Radiance at the time.  *Id.* ¶¶ 21-22.

Though Plaintiffs repeatedly refer to five "offers," the Complaint read closely makes clear that the prospective buyers did not actually extend written purchase offers that could have been accepted or rejected.  Instead, the Complaint elsewhere explains that the five final potential buyers entered a "due diligence" period to inspect "Radiance's programs, contracts, proposals, and business pipelines" before any actual purchase or merger agreement could be executed.  *Id.* ¶ 24.

The Complaint's principal concern faults Radiance's CEO, William Bailey, and the Radiance Board of Directors (together, the "Radiance Defendants") for failing to complete a sale of Radiance to any of the five potential buyers.  *Id.* ¶¶ 24-27.  The Complaint alleges that Bailey provided the Board with "false and/or misleading financial information" about Radiance's overall value to scuttle the deal, *id.* ¶¶ 26-27, and that the Board breached its fiduciary duties to Radiance by not properly questioning Bailey's (mis)representations, *id.* ¶ 29.  Plaintiffs assert that the

Board "voted to table the sale" and, specifically, did not "disclose the potential for sale to the Shareholders, and thus did not allow the Shareholders to vote on whether to proceed with the sale." *Id.* ¶ 30.

No Argent entity or employee was named in Plaintiffs' initial complaint filed in state court (likely because Argent Trust is not a member of the Board). ECF No. 1-2. After this case was removed to federal court, Plaintiffs filed a First Amended Complaint adding Argent Trust and its employee, Stephen Martin, as defendants, and then filed a Second Amended Complaint naming Argent Financial Group ("Argent Financial") as an additional defendant (Argent Trust, Argent Financial, and Stephen Martin together are the "Trustee Defendants"). Despite the different roles and vastly different fiduciary duties of the Radiance Defendants and the Trustee Defendants, Plaintiffs do not differentiate between the two, instead tagging the Trustee Defendants with the same allegations levied against the Radiance Defendants. Plaintiffs allege that the Trustee Defendants (1) failed to conduct any due diligence into Bailey's representations, Complaint ¶¶ 32, 66, 71; (2) failed to disclose to the ESOP participants the existence of the "offers" for the participant/shareholders to vote on them, *id.* ¶ 78; (3) and failed to "effect a sale of Radiance," *id.*

Plaintiffs plead two causes of action under state law against the Trustee Defendants: direct breach of fiduciary duty (Count V) and derivative breach of

fiduciary duty (Count VI). Plaintiffs also assert two ERISA claims against the Trustee Defendants: violations of their fiduciary duties under 29 U.S.C. §§ 1104(a), 1109, 1132(a)(2) (Count VII), and an action under Section 1132(a)(3) seeking to enjoin them to disclose "the existence and terms of any offers of sale or purchase of Radiance shares" to the ESOP participants, so that the ESOP participants can either "vote for a sale of Radiance entirely[] or to sell their respective shares to a third party subject to Radiance's right of first refusal" (Count VIII).

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a plaintiff's allegations "must be enough to raise a right to relief above the speculative level," or "'contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations in original) (citation omitted). The complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts cannot draw such an inference when "a complaint pleads facts that are 'merely consistent with' a defendant's liability," because such allegations "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## ARGUMENT

I.  **The Court Should Dismiss the State Law Claims Because They Are Preempted and Fail to State a Claim (Counts V and VI).**

A.  ERISA Preempts These State Law Claims.

ERISA includes a broad preemption provision that makes regulation of employee benefit plans "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981). This covers both express and implied preemption. ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a); *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1028 (11th Cir. 1997), subject to limited exceptions inapplicable here, *see* 29 U.S.C. § 1144(b)(2), (4).

The phrase "relate to" is broad, and the Supreme Court has held it covers any state law claim "'if it has a connection with or reference to'" an employee benefit plan. *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) (citation omitted). ERISA preempts broadly because it contains a "'comprehensive legislative scheme' includ[ing] 'an integrated system of procedures for enforcement.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)). Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209. ERISA also

10

impliedly preempts any state cause of action that "interferes with nationally uniform plan administration." *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320 (2016). Implied preemption is a type of defensive preemption in this context. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987).

ERISA unquestionably preempts Plaintiffs' state law fiduciary duty claims against the Trustee Defendants. That is because ESOP fiduciaries are creatures of ERISA, which lays out the full and exclusive scope of their duties, which run to the ESOP alone. *See* 29 U.S.C. § 1104(a)(1)(A)(i) (fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries"); *N.L.R.B. v. Amax Coal Co.*, 453 U.S. 322, 329, 332 (1981) (an ERISA trustee owes a single duty to the plan, and not to any "other parties"); *Halperin v. Richards*, 7 F.4th 534, 550-51 (7th Cir. 2021) (recognizing that Argent Trust is a "single-hat" fiduciary with only a duty to the ERISA-regulated plan).

Because Argent Trust's fiduciary duties are circumscribed by ERISA and run only to the Radiance ESOP, Plaintiffs' state law fiduciary duty claims "relate to" an ERISA-regulated plan, and indeed "depend[] on" some interpretation of that ERISA duty, rendering them preempted. *See Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1470 (11th Cir. 1986). Federal courts routinely preempt state law fiduciary breach claims like these. *Id.* (finding preemption where state law claim "depend[ed] on" an

interpretation of the fiduciary duties imposed by ERISA); *Halperin*, 7 F.4th at 551 (because Argent Trust's duties arise only from ERISA, even a state law claim for "aiding and abetting" another's breach of duty is preempted).[3]

Plaintiffs conceded ERISA's preemptive scope when they did not contest the removal of this case from state to federal court. The Radiance Defendants' notice of removal rested on ERISA, notwithstanding that the complaint, at the time, contained *no* ERISA claims. *See* ECF No. 1; ECF No. 1-2 at 3-18. Removal in this context amounts to "superpreemption." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211-12 (11th Cir. 1999) (describing "superpreemption" as Congress's complete preemption of a field that permits federal subject matter jurisdiction of a complaint facially pleading only state law claims). For the same reason ERISA allowed for removal of this state law cause of action, ERISA preempts these state law claims and requires their dismissal. *Id.* at 1215 (if a "plaintiff's [state law] claims are superpreempted, then they are also defensively preempted" and must

---

[3]      *See also Smith v. Provident Bank*, 170 F.3d 609, 616 (6th Cir. 1999) ("It would circumvent Congress's enforcement scheme to allow a plan to enforce the duties created in § 1109(a) by suing directly under state law."); *Dudley Supermarket, Inc. v. TransAmerica Life Ins. & Annuity Co.*, 302 F.3d 1, 3 (1st Cir. 2002); *Di Joseph v. Standard Ins. Co.*, 776 F. App'x 343, 347-48 (7th Cir. 2019); *Hamilton v. Wal-Mart Stores, Inc.*, 2005 WL 8158599, at *3 (N.D. Ala. May 17), *report & recommendation adopted in relevant part by* 2005 WL 8158626 (Sept. 15, 2005); *Bacon v. Stiefel Lab'ys, Inc.*, 677 F. Supp. 2d 1331, 1351 (S.D. Fla. 2010); *Grimmett v. Dace*, 34 F. Supp. 3d 712, 722 (E.D. Mich. 2014) ("It is well-established that ERISA completely preempts common law breach of fiduciary duty claims against ERISA fiduciaries."); *Weaver v. Prudential Ins. Co. of Am.*, 763 F. Supp. 2d 930, 942 (M.D. Tenn. 2010); *Nagy v. DeWese*, 771 F. Supp. 2d 502, 522 (E.D. Pa. 2011); *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1004 (N.D. Cal. 2015).

be dismissed).[4]  Rule 12(b)(6) is the appropriate mechanism to dispose of preempted claims.  *Id.*; *Ellis v. Canada Life Ins. Co.*, 2001 WL 1263660, at *2 (N.D. Ala. Oct. 16, 2001) (citing *Butero*).

## II.    Plaintiffs' ERISA Claims Fail (Counts VII and VIII).

### A.    The Claims Against Stephen Martin And Argent Financial Must Be Dismissed Because Neither Is A Fiduciary As Matter Of Law.

Neither Stephen Martin nor Argent Financial is a fiduciary, so Plaintiffs' claims that they breached any fiduciary duty must be dismissed.  Whether one is "acting as a fiduciary" is (not surprisingly) "the threshold question" in cases charging breach of an ERISA fiduciary duty.  *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).  When the plan document or trust instrument does not identify a party as a fiduciary, that party is considered a fiduciary *only* if they exercise "discretionary authority or discretionary control respecting the management of an ERISA plan," "discretionary authority or discretionary responsibility" to administer a plan, or "authority or control" to "manage[] or dispos[e]" of plan assets.  *Carolinas Elec. Workers Ret. Plan v. Zenith Am. Sols., Inc.*, 658 F. App'x 966, 969 (11th Cir. 2016) (quoting 29 U.S.C. § 1002(21)(A)) (internal quotation marks omitted).

---

[4]    Even absent ERISA's broad preemptive scope, Plaintiffs' state law claims fail.  As already explained, the Trustee Defendants have no fiduciary duties other than its ERISA duties "with respect to" the Plan. 29 U.S.C. § 1104(a)(1); *Halperin*, 7 F.4th at 551.  Because the Trustee Defendants do not have the state law duties Plaintiffs describe, the state law fiduciary duty claims must be dismissed.

The Plan Document and Trust Agreement do not identify Mr. Martin or Argent Financial as a fiduciary and the Complaint does not allege—and cannot allege—that either exercised any discretionary authority, control, or responsibility over the Radiance ESOP at all, including any authority or control to manage the ESOP's assets. First, the Trust Agreement identifies *only* Argent Trust as the trustee, and thus fiduciary, to the Radiance ESOP. Exhibit B at 1. Because the Trust Agreement does not identify either Mr. Martin or Argent Financial as named fiduciaries to the Radiance ESOP, Plaintiffs' ERISA claims against them fail.

Second, Plaintiffs do not plead that either Mr. Martin or Argent Financial held any discretionary authority, control, or responsibility over the Radiance ESOP. Instead, they allege only that Mr. Martin is an Argent employee, Complaint ¶ 6, and in conclusory fashion that Argent Financial "performed some or all the duties of Argent Trust under the [Radiance] ESOP," *id.* ¶ 4. Neither of these allegations is sufficient to state a claim.

With respect to Mr. Martin, Plaintiffs do not allege that he has any duties— discretionary or otherwise— separate from Argent Trust's duties to administer or manage the Radiance ESOP. Complaint ¶ 6 (alleging Martin holds fiduciary duties "[i]n his employment capacity"). And the Trust Agreement refutes that Mr. Martin has any duties to the ESOP individually. *See* Exhibit B at 18 (Mr. Martin signing Trust Agreement "solely in his capacity as an authorized officer of Argent Trust

Company," not "in his individual capacity"). Federal Courts of Appeals around the country reject any argument that an individual professional who serves or advises a trustee entity assumes any fiduciary role himself, reasoning that the discretion to make decisions with respect to the ERISA-regulated plan resides with the corporate entity that the employee serves. *See, e.g.*, *Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 535 (7th Cir. 1991); *Anoka Orthopaedic Assocs. v. Lechner*, 910 F.2d 514, 517 (8th Cir. 1990); *Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1149-51 (3d Cir. 1989); *Nieto v. Ecker*, 845 F.2d 868, 870-71 (9th Cir. 1988). This Court should follow suit and dismiss the claims against Mr. Martin.

Indeed, this is not the first time that a plaintiff has tried to unsuccessfully name an Argent Trust employee—including Mr. Martin—in an ERISA complaint. In *Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan by & through Lyon v. Buth*, 475 F. Supp. 3d 910, 939 (E.D. Wis. 2020), the plaintiff alleged that individual Argent Trust employees who "worked as senior-level executives" and were responsible for "oversight" of plan processes were ERISA fiduciaries. The district court dismissed these allegations against the individuals because they lacked the requisite "discretionary authority" under Section 1002(21)(A)).[5] As in *Appvion*,

---

[5]    Tellingly, the plaintiffs in *Appvion* appealed several aspects of the district court's opinion to the Seventh Circuit, but did not appeal the district court's dismissal of the claims against the

Plaintiffs here make no allegations that Mr. Martin individually exercised any discretionary authority or control over the Radiance ESOP separate from Argent Trust.

As for Argent Financial, the lone conclusory assertion in the Complaint regarding its role is that it "performed some or all" of Argent Trust's duties to the Radiance ESOP.  Complaint ¶ 4.  That legal conclusion contains not a single fact and permits no reasonable inference that Argent Financial exercised any discretionary authority over the ESOP.  *Iqbal*, 556 U.S. at 678 (complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable").  The Complaint does not even bother to identify the corporate relationship between Argent Financial and Argent Trust, but rather simply asserts—with no factual support—that Argent Financial performed at least some of Argent Trust's duties.

The ERISA claims therefore fail against Martin and Argent Financial because the complaint does not allege—and cannot allege—that either is a fiduciary as a matter of law.

---

individual Argent Trust employees.  *See Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan by & through Lyon v. Buth*, 99 F.4th 928 (7th Cir. 2024).

B. **The ERISA Claims Fail As A Matter Of Law Because The ESOP Documents Refute That Argent Trust Had the Authority That Plaintiffs <u>Presume</u>.**

For its part, Argent Trust[6] was (and remains) a fiduciary to the Radiance ESOP. But the claims against Argent Trust must nevertheless be dismissed because ERISA limits the scope of Argent Trust's fiduciary duties and those duties do not encompass the matters alleged in the Complaint. Argent Trust is a fiduciary to the Radiance ESOP only "to the extent" it exercises discretionary authority, control, or responsibility "'with respect to the particular activity at issue.'" *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005) (citing 29 U.S.C. § 1002(21)(A)). The Plan Document and Trust Agreement spell out precisely what discretion Argent Trust has. So, to state a viable claim as a matter of law, Plaintiffs must allege that the Plan Document or the Trust Agreement conferred on Argent Trust the discretion or authority to *do* what Plaintiffs fault them for *not* doing. *Kerns v. Benefit Tr. Life Ins. Co.*, 992 F.2d 214, 217 (8th Cir. 1993) (no liability where plan documents did not "impose[] any obligation" on defendant for specific activity at-issue); *Birmingham Plumbers & Steamfitters Loc. Union No. 91 Health & Welfare Tr. Fund v. Blue Cross Blue Shield*, 2018 WL 1210930, at *3 (N.D. Ala. Mar. 8,

---

[6] The state law and ERISA claims against Mr. Martin and Argent Financial should be dismissed for the reasons already addressed. But, in any event, the arguments in this Section B apply equally to the claims against Mr. Martin and Argent Financial to the extent the Court determines Plaintiffs sufficiently allege either is a "fiduciary" to the ESOP.

17

2018) (granting Rule 12(b)(6) motion to dismiss where plan documents unambiguously reflected that defendant did not have the discretionary authority to perform the actions the plaintiff alleged the defendant should have performed).

Reading the Complaint broadly, Plaintiffs assert that Argent Trust violated ERISA by (1) failing to conduct due diligence into Mr. Bailey's representations regarding Radiance's value, Complaint ¶¶ 32, 66, 71; (2) failing to "effect a sale of Radiance," *id.* ¶ 78; and (3) failing to disclose to the ESOP participants the existence of the "offers," *id.*

Whether Argent Trust had discretionary authority over any of these activities is answered by the Trust Agreement, which enumerates Argent Trust's authority and role with respect to the Radiance ESOP.  *See Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992) ("The discretionary authority or responsibility which is pivotal to the statutory definition of 'fiduciary' is allocated by the plan documents themselves.") (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).  The Trust Agreement answers the question whether Argent Trust had the fiduciary powers that Plaintiffs presume with a resounding *no*.

The Complaint describes a sale process led by the Radiance Board of Directors, who were in contact with certain potential buyers, but ultimately decided *not* to pursue a possible sale or present a potential sale to the shareholder-participants for their vote.  *See* Complaint ¶ 30 (alleging the "[board of directors] voted to table

18

the sale" without "allow[ing] the Shareholders to vote on whether to proceed with the sale").

The Trust Agreement is clear what Argent Trust can do in this context: Nothing. There is no provision of the Trust Agreement that permits Argent to usurp the Board's powers and communicate to the ESOP participants that there exist offers from third-parties to the Board for the purchase of Radiance stock, and then permit the stockholders to vote on whether to accept those offers. *See generally* Exhibit B § 2.3. Rather, the Plan Document expressly provides that the plan Administrator— *i.e.*, *Radiance*—has the responsibility to "establish and communicate" to participants a procedure for participants to vote their Radiance stock allocated to their individual accounts. Exhibit A §§ 1.3, 2.4(j). And the lone provision of the Trust Agreement that details participant voting rights in the context of a Radiance-driven merger or sale process—which is what Plaintiffs allege occurred here—provides that "*the Company*" (*i.e.*, Radiance) alone "shall have the responsibility for determining when [any such] corporate matter has arisen" and, only then, "shall notify [Argent Trust] on a timely basis of its determination" so that shares may be voted. Exhibit B § 3.3(b) (emphasis added).[7]

_____

[7]    This, of course, is in full accord with Alabama corporate law, which places the exclusive authority to make corporate decisions initially in the hands of the board of directors. *See Rudd v. Branch Banking & Tr. Co.*, 2016 WL 7177538, at *13 (N.D. Ala. Aug. 8, 2016) ("A cardinal rule of corporate law is that directors, rather than shareholders, manage the business and affairs of a corporation.") (quoting *Stallworth v. AmSouth Bank*, 709 So. 2d 458, 467 (Ala. 1997)); Ala. Code § 10A-2A-8.01(b) ("[A]ll corporate powers shall be exercised by or under the authority of the

In other words, Argent Trust has no authority under the controlling documents to trigger shareholder voting in this Radiance-driven process, as Plaintiffs allege should have happened because *Radiance alone* determines when such a vote will occur (and, here, Radiance determined that *no* vote would occur). Argent Trust had no discretion or authority—because the Trust Agreement gives it none—to evaluate *whether* to call for a vote on any sale offer. Here, the Board declined to proceed to a sale, and there was no discretion or authority for Argent Trust to exercise.

In short, unless and until Radiance triggers a vote in this Board-driven process, Argent Trust lacks any power to act, and therefore could not have breached a fiduciary duty by failing to conduct diligence into Bailey's representations to the Radiance Board, by "failing to effect a sale of Radiance,"[8] or by failing to disclose to the participants the existence of the offers to the Board. Complaint ¶¶ 32, 66, 71,

---

board of directors, and the business and affairs of the corporation shall be managed by or under the direction, and subject to the oversight, of the board of directors.").

[8]     Plaintiffs do not allege how exactly Argent could have "effect[ed] a sale" of Radiance in the Board-driven process that Plaintiffs describe. Plaintiffs do not allege that there were any offers presented to Argent Trust or the ESOP directly. Rather, Plaintiffs allege only that the Board failed to proceed with a sale and put a potential sale to the stockholders for a vote. Complaint ¶ 30. Even if any vote were to occur, the individual participants would have held all the voting rights, as Plaintiffs appear to concede. *See id.* ¶ 37(a). In this respect only, Plaintiffs allegations are accurate. Because all the company stock was allocated to individual participant accounts, each participant was a fiduciary over that stock and held the authority to direct Argent Trust how to vote that stock. *See supra* at 5. Argent Trust was a directed trustee with respect to those allocated shares and subject to the far less stringent fiduciary responsibilities of 29 U.S.C. § 1103(a)(1), not those under Section 1104(a)(1). *See Herman v. NationsBank Tr. Co., (Ga.),* 126 F.3d 1354, 1370-71 (11th Cir. 1997) (describing distinction between fiduciary duties under Sections 1103 and 1104 in the context of exercising voting rights when shares are allocated to individual accounts).

78; *see also Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan Enters., Inc.*, 793 F.2d 1456, 1460 (5th Cir. 1986) ("defendants could be found fiduciaries with respect to the sale of the trust's stock *only* if they controlled" the decision to sell the stock); *Coleman*, 969 F.2d at 61 (no breach of fiduciary duty for failing to notify participants of circumstances that would "affect the availability of benefits" where plan documents did not provide defendant "any authority or responsibility to provide such notification," and authority instead rested with plan sponsor).

It was *Radiance's* obligation to assess the offers presented to it and the CEO's representations about Radiance's value, and *Radiance's* prerogative to trigger a vote on any offer (or not). Exhibit B § 3.3(b). Radiance's obligations cannot simply be grafted onto Argent Trust because the Plan Document and Trust Agreement govern when Argent Trust may act. Where documents incorporated into the Complaint by reference directly contradict the Plaintiffs' allegations—and preclude liability for the allegations alleged—dismissal is proper. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007); *Burke v. Boeing Co.*, 42 F.4th 716, 727-28 (7th Cir. 2022). That is why courts have repeatedly relied on the terms of ERISA-required documents, such as the plan document and the trust instrument, to dismiss complaints whose allegations contradict those documents. *See Burke*, 42 F.4th 727-28 (defendants "cannot be liable for breaching fiduciary duties that they simply did not have" under the controlling ERISA documents); *Birmingham Plumbers*, 2018

21

WL 1210930, at *3-5; *see also Cotton*, 402 F.3d at 1278-80 (concluding amended complaint failed to state ERISA fiduciary duty claims because plaintiff could not allege defendant held discretion over the subject duties).

Finally, the allegations in the Complaint do not implicate Argent Trust's authority in Section 3.3(c) of the Trust Agreement, which authorizes Argent Trust to sell or not sell the stock held in the ESOP in the event of a "tender offer or other offer" to the holders of Radiance stock. Exhibit B § 3.3(c). Plaintiffs do not allege there was any tender offer or other offer *to the holders of Radiance stock—i.e.*, *Argent Trust and the ESOP*.[9] They allege only that there were multiple "offers" presented *to the Board* that, with the Board's approval, would be put to a vote of the holders of the company stock. *See* Complaint ¶ 30. Section 3.3(c) is thus irrelevant to Plaintiffs' allegations.[10]

---

[9]    The Complaint does not describe a "tender offer" at all because Plaintiffs allege only that there were offers made to the Board, but there is typically "no role for target boards in [a] tender offer[]" aside from potential defensive maneuvers. *In re Pure Res., Inc., Shareholders Litig.*, 808 A.2d 421, 439-40 (Del. Ch. 2002).

[10]    For similar reasons, the "right of first refusal" provision in the Plan Document is inapposite to Plaintiffs' allegations. *See* Exhibit A § 7.10; Complaint ¶¶ 36(f), 86 (alleging the participants were unable to "sell their respective shares to a third party subject to Radiance's right of first refusal"). That provision simply provides that when a participant wishes to sell stock allocated to its account to a third-party, Radiance has a right of first refusal. Exhibit A § 7.10. It does not address Argent Trust's powers and responsibilities at all, let alone permit Argent Trust to communicate to participants offers from third parties made *to the Board*.

### III.    Plaintiffs' State Law and ERISA Claims Fail for Additional Reasons

In addition to the reasons discussed above, Plaintiffs' claims fail for additional reasons described in the Radiance Defendants' motion to dismiss, filed contemporaneously to this motion.   In particular, as described in the Radiance Defendants' brief, Plaintiffs' state law claims fail because (1) Plaintiffs lack standing; (2) their direct claims are in fact derivative in nature; (3) Plaintiffs do not meet the "contemporaneous ownership" rule for their derivative claims; (4) Plaintiffs cannot fairly and adequately represent Radiance's interest for their derivative claims; and (5) Plaintiffs have not adequately pleaded futility of their demand.   And Plaintiffs ERISA claims additionally fail because Plaintiffs failed to exhaust their administrative remedies.   The Trustee Defendants incorporate those arguments here as well.

### CONCLUSION

The Court should dismiss all claims against the Trustee Defendants.

Dated: September 4, 2024                    Respectfully submitted,

                                            /s/ Barbara A. Smith

Donald R. James, Jr., ASB-4090-            Barbara A. Smith
M39D                                        Jacob B. Simon
Joel E. Dillard, ASB-5418-R62J             BRYAN CAVE LEIGHTON PAISNER
DILLARD, MCKNIGHT, JAMES &                 LLP
MCELROY, LLP                               One Metropolitan Square
2700 Highway 280, Ste. 110 East            211 N. Broadway, Suite 3600
Birmingham, Alabama 35223                  St. Louis, Missouri 63102
Telephone: (205) 271-1100                  Telephone: (314) 259-2000
rjames@dillardmcknight.com                 barbara.smith@bclplaw.com
jdillard@dillardmcknight.com               jacob.simon@bclplaw.com

*Attorneys for the Trustee Defendants*

24

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 4, 2024, I electronically filed the foregoing Contested Motion to Dismiss the Second Amended Complaint with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


*/s/ Barbara A. Smith*
Barbara A. Smith