# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **HEATH BERRY, JADE BAKER, SHAWN WILBERT, ERIC BRIGGS,** AND **DANIEL ANDERSON,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**WILLIAM C. BAILEY, ROBERT E. (BUD) CRAMER, JIM SCANLON, JED DEASON, JIM POSS, CAROL TEVEPAUGH, JOHN F. THOMPSON, ARGENT FINANCIAL GROUP, INC., ARGENT TRUST COMPANY,** AND **STEPHEN A. MARTIN,**<br><br>*Defendants.* | **Civil Action No. 5:24-cv-522-CLM** |

### RADIANCE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**Table of Contents**

ARGUMENT ...................................................................................................................1

I.    ERISA requires the dismissal of all of Plaintiffs' claims...............................1

    A.    Plaintiffs' cited cases do not save their claims from preemption. ........1

    B.    Plaintiffs do not properly allege futility or exhaustion under Eleventh Circuit law..................................................................................4

II.   Plaintiffs lack standing to assert their state-law claims.................................5

III.  Plaintiffs' direct claims are actually derivative. ............................................7

IV.   Plaintiffs' derivative claims fail for numerous reasons.................................8

Conclusion ………………………………………………………………………….10

Plaintiffs' responses to the Radiance Defendants' motion to dismiss are deficient and fail to save any of their claims, all of which should be dismissed.[1]

## Argument

### I. ERISA requires the dismissal of all of Plaintiffs' claims.

#### A. Plaintiffs' cited cases do not save their claims from preemption.

Plaintiffs establish only that it is possible for corporate claims to exist in the context of an ERISA plan, but fail to show it is possible for **their** claims.

As noted in our motion to dismiss, both inquiries required by the complete preemption test are easily satisfied here. (Doc. 42, pp. 9-14.)[2] Plaintiffs are participants with standing to assert ERISA claims and, without the existence of the ESOP, they would not have the rights they seek to enforce. Further, the *Davila* test "refine[d]" the Eleventh Circuit's prior complete preemption analysis. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1345 (11th Cir. 2009). Namely, the last prong about seeking relief "akin to that available under § 1132(a)" does not remain good law. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 214-15 (2010).

However, the only case Plaintiffs cite discussing complete preemption is *Ervast v. Flexible Prod. Co.*, 346 F.3d 1007 (11th Cir. 2003) (*see* doc. 48, pp. 7-

---

[1] For brevity and consistency, this reply uses the terms set forth in the notice of removal (doc. 1) and the Radiance Defendants' motion to dismiss (doc. 42).

[2] All cites to filings in this case refer to the ECF filing number at the top of each page.

10)—a case analyzing **only** that last prong. *See Ervast*, 346 F.3d at 1013-14. The fact that the plaintiff in *Ervast* sought relief not available under ERISA does not make a difference under *Davila*. If, as here, Plaintiffs' alleged "Shareholder" status derives entirely from the ESOP Plan and their alleged damages consequently derive entirely from their share of the ESOP's value, their claims are not "independent" of the Plan, and they have ERISA claims to vindicate those rights—indeed, they expressly allege those claims. (*See* doc. 33, ¶¶ 75-86.)

Even under its own terms, *Ervast* does not help Plaintiffs because one of its defining points was that Georgia corporate law, unlike Alabama law, permits a direct action by "shareholders" whose shares are held in a trust. *See Ervast*, 346 F.3d at 1013-14. *Ervast* also has nothing at all to say about the broader doctrine of defensive preemption. *See id.* at 1013 n.7 ("[A] decision regarding complete preemption does not decide the issue of defensive preemption. . . . [D]efensive preemption is a substantive issue that must be decided by a court with competent jurisdiction."). Essentially, none of the issues in *Ervast* map on to the issues here.

Courts have repeatedly found claims, like Plaintiffs', that "relate to" a plan and are therefore defensively preempted by ERISA. (*See* doc. 42, pp. 12-13.) Plaintiffs' cited cases are not to the contrary. In *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan Enterprises, Inc.*, 793 F.2d 1456 (5th Cir. 1986), the Fifth Circuit held that corporate claims brought by the ESOP trust itself were not

preempted because the plan itself was asserting shareholder claims as a direct shareholder. *See id.* at 1468, 1470. But when Plaintiffs quote *Sommers*, they edit out that the trust was the one invoking the common-law fiduciary duties as a shareholder in that case. (*See* doc. 48, pp. 10-11.) Here, however, Plaintiffs are not invoking similar duties as the direct shareholders but claims that derive from rights they claim through their interest in the ESOP-owned shares.

Similar issues plague the rest of Plaintiffs' string-cite. *See Halperin v. Richards*, 7 F.4th 534, 549-50 (7th Cir. 2021) (plaintiffs were bankruptcy creditors, not participants or other ERISA entities); *In re Antioch Co.*, 456 B.R. 791, 809, 843 (Bankr. S.D. Ohio 2011) (plaintiff was a bankruptcy litigation trustee asserting claims regarding the creation of the ESOP, not participants seeking damages through their interests in an ESOP); *Richmond v. Am. Sys. Corp.*, 792 F. Supp. 449, 454 (E.D. Va. 1992) (the plaintiffs were direct shareholders with no ERISA standing and alleging corporate fiduciary breaches regarding the creation of the ESOP); *Smith v. Crowder Jr. Co.*, 421 A.2d 1107, 1109, 1113-14 (Pa. Super. Ct. 1980) (plaintiff was a director, officer, and direct shareholder prior to the creation of the plan and alleged the plan was used to keep money from him). Plaintiffs have, at best, established that the Plan trustee or third parties could possibly bring common-law claims, but they have not explained how *their* claims, asserted through their interest in an ERISA-governed ESOP, are not preempted as "related to" that Plan.

3

### B. Plaintiffs do not properly allege futility or exhaustion under Eleventh Circuit law.

Plaintiffs reiterate the arguments put forth in their Complaint (doc. 48, pp. 13-14), but fail to address any of the actual arguments and case law in Defendants' motion to dismiss.

As explained in our motion, the Eleventh Circuit has expressly held that the type of broad discretion provided to the Plan Administrator here is sufficient to require exhaustion of available administrative remedies even where the "claim" is not a "claim for benefits," but rather a claim for breach of fiduciary duty. (Doc. 42, pp. 14-16); *see Bickley v. Caremark RX, Inc.*, 461 F.3d 1325 (11th Cir. 2006). Plaintiffs completely ignore this precedential opinion in favor of pointing to the supposedly non-mandatory nature of the claims procedure, which, in the same breath, they allege does not even apply. (Doc. 48, p. 14.) Instead, they rely on the Eleventh Circuit's finding in *Watts v. BellSouth Telecommunications, Inc.*, 316 F.3d 1203 (11th Cir. 2003), that the exhaustion requirement could be avoided based on misleading summary plan description language that indicated there were two options (administrative review or litigation) available. *Id.* at 1206. Plaintiffs cannot reasonably contend that they were misled by language they say does not even apply, and they have pointed to no similarly misleading language here. *See Johnson v. Liberty Life Assur. Co. of Bos.*, No. 2:13CV916-WHA, 2015 WL 248944, at *6 (M.D. Ala. Jan. 20, 2015) (noting that the *Watts* analysis requires subjective reliance

4

on an objectively reasonable misinterpretation of a plan document).

Lastly, while Plaintiffs state that they have sufficiently alleged futility (doc. 48, p. 14), they do not actually argue they did not have "meaningful access to administrative proceedings." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1225 (11th Cir. 2008). Indeed, they concede the complete irrelevance of this part of their argument because they immediately abandon it, arguing instead that they brought the misconduct "to the attention of Defendants, who did nothing." (Doc. 48, p. 15.) The problem with this argument is that "Defendants," officers and board members of the company, are not the Plan Administrator. Notably absent from these allegations is any reference to Plaintiffs making a formal claim to Radiance Technologies, Inc. in its capacity as the Plan Administrator. Plaintiffs cannot say they have exhausted their administrative remedies without doing so.

## II. Plaintiffs lack standing to assert their state-law claims.

Plaintiffs assert three types of state-law claims—direct, derivative, and class—but lack standing to assert any of them. On the topic of direct standing, Plaintiffs have little to say. They cite *Shelton v. Thompson*, 544 So. 2d 845 (Ala. 1989), but that case was about former stockholders who sued after a merger. *See id.* at 848. Plaintiffs are not former stockholders—at best, they are like *prospective* stockholders who are owed no fiduciary duties under state law. Plaintiffs cite no case law to the contrary, and they even appear to concede that any duties they are

5

owed derive from ERISA. (*See* doc. 48, p. 6.) Their state-law claims fail.

Plaintiffs focus on another item not in dispute: beneficial stockholders can sue derivatively. (Doc. 48, pp. 17-18.) But Plaintiffs are **not** beneficial stockholders. Plaintiffs cite cases about trusts, but the interests in the cited cases were different because the plaintiff's interest in company stock was an expectancy, not a contingency. *See, e.g.*, *Milstead v. Bradshaw*, No. C96-1498, 1997 WL 33616661, at *6 (Va. Cir. Ct. 1997) (plaintiff with "contractual expectancy in shares").[3] As explained in our motion, the Plaintiffs have only a contingent interest,[4] so they do not have derivative standing. (Doc. 42, p. 19.)

Plaintiffs cite a couple of ESOP cases, but those are different too. In *Housman v. Albright*, 857 N.E. 2d 724 (Ill. App. 2006), the relevant ESOP provided participants with actual stock ownership. *See id.* at 727-28, 730-31. In *State ex rel. Elish v. Wilson*, 434 S.E. 2d 411 (W. Va. 1993), the ESOP participants had standing to sue derivatively "if they owned stock" at the time of the transaction. *Id.* at 418.

---

[3] *See also Edgeworth v. First Nat'l Bank of Chi.*, 677 F. Supp. 982, 992-93 (S.D. Ind. 1988) ("trust beneficiary" had derivative standing, but "the scope of [that] decision [was] narrow and [was] confined to the facts of [the] case"); *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996) (plaintiff was the beneficiary of a constructive trust); *Jones v. Taylor*, 348 A.2d 188, 191-92 (Del. Ch. 1975) (plaintiff had "expectant legacy enforceable in equity after the testator's death" and had "bargained for the eventual ownership of the stock"); *Brown v. Dolese*, 154 A.2d 233, 239 (Del. Ch. 1959) (plaintiff was trust beneficiary). Plaintiffs also cite *Silling v. Erwin*, 881 F. Supp. 236 (S.D. W. Va. 1995), but in that case, the court held that the plaintiff lacked an "equitable interest" in company stock and could not sue derivatively.

[4] Because Plaintiffs were never stockholders, Plaintiffs also do not meet the "contemporaneous ownership" requirement for their derivative claims. (*See* doc. 42, pp. 23-24.)

6

Those cases are not like this one, because their ESOPs were different than Radiance's. And the SARs interests some Plaintiffs used to hold do not give them derivative standing either, as Plaintiffs appear to now concede.[5] (*See* doc. 48, p. 19.)

Plaintiffs are wrong to suggest that, without standing to assert their state-law claims, they will be "denied their right to pursue a recovery in this action." (Doc. 48, p. 16.) As Plan beneficiaries, they can pursue claims under ERISA. The fact that Plaintiffs cannot proceed under every legal theory they wish does not mean they lack a path to asserting claims under the legal framework that actually applies here. It is also not the case that, if they cannot sue derivatively, the result will be that "any corporation whose shares are held in an ESOP is absolutely immune from derivative suit." (*See id.*) The Radiance Defendants have already explained that the Trustee undoubtedly has standing to assert a derivative action. (Doc. 42, p. 30.) Plaintiffs are simply the wrong parties to bring the suit.

## III. Plaintiffs' direct claims are actually derivative.

Plaintiffs have not grasped the difference between direct and derivative claims. They assert that Alabama courts allow direct claims "in conjunction" with derivative claims, but their cited cases contradict them. *See Brooks v. Hill*, 717 So. 2d 759, 762 (Ala. 1998) (claim for corporate waste "could have been brought only

---

[5] Plaintiffs have no standing to assert their class claims for the same reasons. (*See* doc. 42, pp. 20-21.) They do not contest the fact that, if they lack standing to assert their other claims, the class claims must fail too.

as a derivative claim"); *Pegram v. Hebding*, 667 So. 2d 696, 702 (Ala. 1995) (suppression claim was derivative, not direct); *Shelton*, 544 So. 2d at 847 (affirming summary judgment on direct claims). There is an exception for minority-shareholder "squeeze outs" in close corporations, but those are special cases, and this is not a squeeze-out action. *Cf. Brooks*, 717 So. 2d at 766.

Plaintiffs' assertion that they have "direct" claims in their capacity as former SARs is nonsensical. Plaintiffs' "direct" claims are for purported breaches of fiduciary duty. (*See* doc. 33, ¶¶ 44-52.) But Plaintiffs characterize their SARs rights as grounded in contract. (Doc. 48, pp. 19-20.) That is both true and beside the point. There is no contract claim in this case. SARs holders are not owed *fiduciary* duties under Alabama law—only stockholders are—and thus cannot assert direct claims.

## IV. Plaintiffs' derivative claims fail for numerous reasons.

Plaintiffs offer ineffective responses to the various other deficiencies in their derivative claims. They claim that they made the necessary demand on the board, while also claiming that demand would have been futile. (Doc. 48, p. 27.) They are wrong on both points. The Alabama derivative statute requires a "written demand," and there is no allegation of one. *See* Ala. Code § 10A-2A-7.43(a). The pleading must state "the date and content of plaintiff's demand and the corporation's response." § 10A-2A-7.44(a). Those details are missing here. (*See* doc. 33, ¶ 38.)

8

Plaintiffs' futility arguments fare no better. Those allegations must be pled "with particularity," Ala. Code § 10A-2A-7.44(b), and were not in this case, despite Plaintiffs' multiple opportunities to amend. Plaintiffs fail to identify the specific Board members they say that they spoke with and offer no details about the conversations they purportedly had. Their conclusory assertions about "collective" action are insufficient. *See Stallworth v. AmSouth Bank of Ala.*, 709 So. 2d 458, 464 (Ala. 1997) (rejecting "vague" allegations that failed to satisfy the demand-futility pleading requirement). Plaintiffs ignore altogether the fact that demand must be separately made on the Trustee. (*See* doc. 42, p. 30.) Plaintiffs further claim to have met Rule 23.1's requirements because an earlier complaint was verified, but the fact remains that the operative pleading was unverified, and still is.

It is clear that Plaintiffs are ex-employees with axes to grind. They are not fair and adequate representatives. (Doc. 42, pp. 24-27.) They claim that the Court should not consider this issue now, but the issue is proper for resolution at this stage. (*See id.*, p. 25.)[6] "[T]he Court may take into account outside entanglements" of a putative derivative plaintiff. *Rothenberg v. Sec. Mgmt. Co.*, 667 F.2d 958, 961 (11th Cir. 1982). This case is rife with them.

---

[6] The Exhibits the Radiance Defendants attached to its motion are also proper. The Radiance Defendants address this in full in their response to Plaintiffs' Motion to Strike.

9

## Conclusion

The Court should dismiss the claims asserted against the Radiance Defendants with prejudice.

Dated: October 21, 2024                    Respectfully submitted,

/s/ W. Brad English                        /s/ Thomas J. Butler
W. Brad English                            Thomas J. Butler
Emily J. Chancey                           J. Ethan McDaniel
Robert G. Jones                            Grace R. Murphy
La Keisha Butler                           Thomas W.H. Buck, Jr.
Taylor R. Holt                             S. Reeves Jordan
MAYNARD NEXSEN PC                          MAYNARD NEXSEN PC
655 Gallatin Street                        1901 Sixth Avenue North, Suite 1700
Huntsville, Alabama 35801                  Birmingham, Alabama 35203
(256) 512-5705                             (205) 254-1063
benglish@MaynardNexsen.com                 tbutler@MaynardNexsen.com

*Counsel for Robert E. (Bud) Cramer, Jim Scanlon, Jed Deason, Jim Poss, Carol Tevepaugh, and John F. Thompson*

/s/ David J. Hodge
David J. Hodge
Joseph D. Aiello
Morris King & Hodge P.C.
200 Pratt Avenue NE
Huntsville, Alabama 35801
(256) 274-8130
dhodge@mkhlawyers.com

*Counsel for William C. Bailey*

## Certificate of Service

I hereby certify that, on October 21, 2024, I electronically filed a true and correct copy of the foregoing through the Court's CM/ECF filing system, which will send notice of this filing to all counsel who have entered an appearance.

G. Bartley Loftin, III, Esq.
Douglas B. Hargett, Esq.
Amanda J. Turnage, Esq.
Jordan E. Loftin, Esq.
LOFTIN HOLT HALL & HARGETT, LLP
200 Clinton Avenue W., Suite 405
Huntsville, Alabama 35801
*Counsel for Plaintiffs*

Wilson F. Green, Esq.
WILSON F. GREEN LLC
301 19th Street North, Ste. 525
Birmingham, Alabama 35203
*Counsel for Plaintiffs*

Joel E. Dillard, Esq.
Donald R. James, Jr., Esq.
DILLARD, MCKNIGHT, JAMES & MCELROY, LLP
2700 Highway 280, Ste. 110 East
Birmingham, Alabama 35223
*Counsel for Argent Trust Company, Argent Financial Group, & Stephen A. Martin*

Jacob B. Simon, Esq.
Barbara A. Smith, Esq.
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 N. Broadway, Ste. 3600
St. Louis, Missouri 63102
*Counsel for Argent Trust Company, Argent Financial Group, & Stephen A. Martin*

/s/ W. Brad English
Of Counsel