# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| HEATH BERRY, JADE BAKER, SHAWN WILBERT, ERIC BRIGGS, AND DANIEL ANDERSON,<br><br>　*Plaintiffs,*<br><br>v.<br><br>WILLIAM C. BAILEY, ROBERT E. (BUD) CRAMER, JIM SCANLON, JED DEASON, JIM POSS, CAROL TEVEPAUGH, JOHN F. THOMPSON, ARGENT FINANCIAL GROUP, INC., ARGENT TRUST COMPANY, AND STEPHEN A. MARTIN,<br><br>　*Defendants.* | **Civil Action No. 5:24-cv-522-CLM** |

## RADIANCE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

# Table of Contents

Table of Contents ................................................................................................................. i

A.      The Court should take judicial notice of Exhibits 1-7 and Exhibit 11 ............ 2

      1.      Exhibits 1, 2, 4, 5 and 11 ..................................................................... 3

      2.      Exhibits 3, 6 and 7 ............................................................................... 5

B.      The Court should consider Exhibit 9 under the incorporation by reference exception. Alternatively, the Court should consider Exhibits 3, 6 and 7 under this exception too ..................................................................................... 7

The Radiance Defendants[1] respectfully respond to the Plaintiffs' motion to strike (doc. 49). For the reasons described below, the Radiance Defendants respectfully request the Court deny the Plaintiffs' motion to strike.

On October 7, the Plaintiffs asked the Court to strike Exhibits 1-7, 9, and 11 to the Radiance Defendants' motion to dismiss.[2] (Doc. 49, p. 2.) Generally, courts do not consider anything beyond the complaint and its attachments when analyzing a motion to dismiss, but there are two exceptions to this rule—(1) incorporation by reference and (2) judicial notice. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)); *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024).

### A.   The Court should take judicial notice of Exhibits 1-7 and Exhibit 11.

The Eleventh Circuit explained that a court may "take judicial notice of certain facts—including public records—without converting a motion to dismiss." *See, e.g.*, *DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 433 (11th Cir. 2019) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)); *Horne v. Potter*, 392

---

[1] For brevity and consistency, this response uses terms as defined in the notice of removal (doc. 1) and motion to dismiss (doc. 42.)

[2] Plaintiffs also asked the Court to strike Ex. C, attached to Argent and Stephen Martin's motion to dismiss. (Doc. 49, p. 2; *see also* doc. 43-3.) We do not discuss this exhibit further because it was not attached to the Radiance Defendants' motion to dismiss.

F. App'x 800, 802 (11th Cir. 2010). Specifically, the Eleventh Circuit recognized that a district court can take judicial notice "of a fact that cannot be reasonably disputed if the fact can be determined from unquestionably accurate sources." *Daker v. Head*, No. 19-13101, 2022 WL 2903410, at *1 (11th Cir. July 22, 2022). "[I]ndisputability is a prerequisite" for a court to take judicial notice. *See, e.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

First and foremost, the "indisputability" prerequisite is clearly met here. The Plaintiffs do not claim that the exhibits lack authenticity. And they cannot do so for the first time in their reply. *See OIC Dreams Greene Cnty. IV, Inc. v. Benison*, 707 F. Supp. 3d 1146, 1152 (N.D. Ala. 2023); *Kellner v. NCL (Bahamas), LTD.*, 753 F. App'x 662, 667 (11th Cir. 2018). As such, the prerequisite is met. The other elements are met too; we address these elements with respect to each exhibit below.

    **1.**    **Exhibits 1, 2, 4, 5, and 11.**

Exhibits 1, 2, 4, 5, and 11 contain docket sheets and pleadings from a state court action against Berry and a federal court action against Baker. These lawsuits are public records, which are capable of an accurate and ready determination, and as such, are proper subjects of judicial notice. *See Horne*, 392 F. App'x at 802.

Plaintiffs' only argument on this point is an out-of-context quote from *Brown v. Brock*, 169 F. App'x 579, 582 (11th Cir. 2006). (Doc. 49, p. 2.) Specifically, the

2

Plaintiffs state that the Eleventh Circuit has "observed that courts may not take judicial notice of documents in separate judicial proceedings." (*Id.* (quoting *Brown*, 169 F. App'x at 582 (citing, in turn, *Concordia v. Bendekovic*, 693 F.2d 1073, 1076 (11th Cir. 1982))). As noted by the Plaintiffs, *Brown* takes this principle from *Concordia*, but the Plaintiffs exclude the entirety of *Concordia*'s rationale quoted in *Brown*. Specifically, the Eleventh Circuit said in *Concordia* that "a court in one case will not take judicial notice" of the records of another "**unless the prior proceedings are introduced into evidence**." *Concordia*, 693 F.2d at 1076 (emphasis added); *Brown*, 169 F. App'x at 582 (using the entire quote from *Concordia*). And that makes sense, considering that the issue in *Concordia* was that the defendant did not include the record of the state court proceeding or certified copies to the court; instead, the plaintiff only included a portion of a pleading—the counterclaims. *Concordia*, 693 F.2d at 1076. That is not the case here—the Radiance Defendants attached both the entire operative complaint of both lawsuits at the time and the docket sheets to the Court. *Concordia*'s rationale is not applicable. Because *Brown*'s entire "judicial notice" analysis rests on *Concordia*'s rationale, it too is distinguishable.

The Plaintiffs failed to grapple with well-established law—"[t]he Eleventh Circuit has explained that a court may take judicial notice of filings in court cases . . . ." *Turner v. AMICO*, No. CV-15-BE-1202-S, 2015 WL 7770232, at *6 (N.D.

3

Ala. Dec. 3, 2015) (citing *Cunningham v. District Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010)); *see also Overstreet v. Worth Cnty. Ga.*, No. 21-14391, 2022 WL 4007460, at *3 (11th Cir. Sept. 2, 2022) (noting the expansion of judicial notice to other court filings). In fact, the Eleventh Circuit clarified that "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to **establish the fact of such litigation** and related filings." *Jones*, 29 F.3d at 1553 (emphasis added). That is all the Radiance Defendants advocate for with respect to Exhibits 1, 2, 4, 5, and 11, so the Court sees that the Plaintiffs Berry and Baker are not adequate representatives of the class. As such, the Court should take judicial notice of these exhibits.

2.    **Exhibits 3, 6 and 7.**

Exhibits 3 and 6 are resumes available on Wilbert's and Anderson's LinkedIn profiles; Exhibit 7 is COLA's website announcing the employment of Briggs. The Court can take judicial notice of all of these exhibits. *Hudson v. Penn. Life Ins. Co.*, No. CV-12-S-2225-NE, 2013 WL 3242877, at *9 (N.D. Ala. June 21, 2013) (noting that "multiple courts have taken judicial notice of websites 'whose accuracy cannot reasonably be questioned'").

With respect to Exhibits 3 and 6, courts have taken judicial notice

4

of LinkedIn profiles to show employment status or given context "to the necessity[y] of continuing … litigation[.]" *Coffin v. Magellan HRSC, Inc.*, No. CIV 20-0144 JB/GJF, 2021 WL 2589732, at *32 n.21 (D.N.M. June 24, 2021); *see also AGIS Software Dev. LLC v. Apple, Inc.*, No. 2:17-CV-00516-JRG, 2018 WL 2721826, at *4 n.4 (E.D. Tex. June 6, 2018). In any event, Exhibits 3 and 6, along with Exhibit 7, are all websites that are still publicly available today.³ Courts have taken judicial notice in such circumstances. *See, e.g.*, *Mirlis v. Greer*, 952 F.3d 51, 63 n.11 (2d Cir. 2020); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022), *appeal dismissed,* No. 22-15914, 2022 WL 4352712 (9th Cir. July 7, 2022); *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008), *aff'd,* 658 F.3d 254 (2d Cir. 2011); *Evans v. Cardlytics, Inc.*, 701 F. Supp. 3d 1002, 1008 n.15 (C.D. Cal. 2023). The Middle District of Alabama has done so as well. *Majdalani v. Auburn Univ.*, No. 3:18-CV-894-JTA, 2022 WL 4596349, at *3 n.13 (M.D. Ala. Sept. 7, 2022), *vacated and remanded on other grounds, Majdalani v. Hardgrave*, No. 22-13192, 2023 WL 5624538 (11th Cir. Aug. 31, 2023) (taking judicial notice of employment status based on a publicly available website).

The Plaintiffs did not advance any arguments in its motion to the contrary or

---

³ *See* Carly Alcala, *Employee Spotlight: Eric Briggs*, COLSA (Feb. 26, 2024), https://www.colsa.com/eric-briggs/; *See* Daniel J. Anderson, LinkedIn, https://www.linkedin.com/in/daniel-anderson-pmp (last visited Oct. 20, 2024); David (Shawn) Wilbert, Ph.D, LinkedIn, https://www.linkedin.com/in/david-shawn-wilbert-ph-d-28745051 (last visited Oct. 20, 2024).

5

provide any explanation to the Court. All the Plaintiffs said about Exhibits 3, 6 and 7 is that they should be stricken. (*See* doc. 49, p. 2.) That is insufficient. *See Hatfield v. Cadence Bank*, No. 3:23-cv-202-RAH-JTA, 2023 WL 11800868, at *1 (M.D. Ala. Aug. 24, 2023) (denying a motion to strike as conclusory since it did "not contain any argument or explanation"). The Court should take judicial notice of Exhibits 3, 6 and 7.

    **B.    The Court should consider Exhibit 9 under the incorporation by reference exception. Alternatively, the Court should consider Exhibits 3, 6 and 7 under this exception too.**

The Plaintiffs only other argument advanced is that the exhibits should be stricken since they are not referenced in the complaint. (Doc. 49, p. 2.) But that argument does not hold water. The Eleventh Circuit recently did a review of its case law to determine whether "the incorporation-by-reference doctrine requires the complaint to refer to the document at issue or attach it." *Johnson*, 107 F.4th at 1300. The Court, using the prior panel precedent rule, determined that *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337 (11th Cir. 2005) controls. *Johnson*, 107 F.4th at 1300. And in *Maxcess*, the Eleventh Circuit found that "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess*, 433 F.3d at 1340 n.3 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

That is undoubtedly the case here. As explained in the motion to dismiss, Exhibit 9, the ESOP Plan Summary, is central to Plaintiffs' claims regarding the administration and implementation of the ESOP. (Doc. 42, p. 7 n.7); *see also In re Sugar Corp. Litig.*, 669 F. Supp. 2d 1301, 1316 (S.D. Fla. 2009) (taking judicial notice of an ESOP Summary Plan at the motion to dismiss stage because it was "central to the Plaintiffs' claims" related "to the administration and implementation of the ESOP"). And, as explained above, Exhibits 3, 6 and 7 are central to showing the Plaintiffs are not adequate representatives of the class, and class certification is certainly central to Plaintiffs' claims. Plaintiffs have not (and cannot) dispute this or the exhibits' authenticity.

Accordingly, the Court should deny the Plaintiffs' motion to strike and consider all of the Radiance Defendants' exhibits.

Dated: October 21, 2024                Respectfully submitted,

/s/ W. Brad English                    /s/ Thomas J. Butler
W. Brad English                        Thomas J. Butler
Emily J. Chancey                       J. Ethan McDaniel
Robert G. Jones                        Grace R. Murphy
La Keisha Butler                       Thomas W.H. Buck, Jr.
Taylor R. Holt                         S. Reeves Jordan
MAYNARD NEXSEN PC                      MAYNARD NEXSEN PC
655 Gallatin Street                    1901 Sixth Avenue North, Suite 1700
Huntsville, Alabama 35801              Birmingham, Alabama 35203
(256) 512-5705                         (205) 254-1063
benglish@MaynardNexsen.com             tbutler@MaynardNexsen.com

7

*Counsel for Robert E. (Bud) Cramer, Jim Scanlon, Jed Deason, Jim Poss, Carol Tevepaugh, and John F. Thompson*

/s/ David J. Hodge
David J. Hodge
Joseph D. Aiello
Morris King & Hodge P.C.
200 Pratt Avenue NE
Huntsville, Alabama 35801
(256) 274-8130
dhodge@mkhlawyers.com

*Counsel for William C. Bailey*

8

## Certificate of Service

I hereby certify that, on October 21, 2024, I electronically filed a true and correct copy of the foregoing through the Court's CM/ECF filing system, which will send notice of this filing to all counsel who have entered an appearance.

G. Bartley Loftin, III, Esq.
Douglas B. Hargett, Esq.
Amanda J. Turnage, Esq.
Jordan E. Loftin, Esq.
LOFTIN HOLT HALL & HARGETT, LLP
200 Clinton Avenue W., Suite 405
Huntsville, Alabama 35801
*Counsel for Plaintiffs*

Wilson F. Green, Esq.
WILSON F. GREEN LLC
301 19th Street North, Ste. 525
Birmingham, Alabama 35203
*Counsel for Plaintiffs*

Joel E. Dillard, Esq.
Donald R. James, Jr., Esq.
DILLARD, MCKNIGHT, JAMES & MCELROY, LLP
2700 Highway 280, Ste. 110 East
Birmingham, Alabama 35223
*Counsel for Argent Trust Company, Argent Financial Group, & Stephen A. Martin*

Jacob B. Simon, Esq.
Barbara A. Smith, Esq.
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 N. Broadway, Ste. 3600
St. Louis, Missouri 63102
*Counsel for Argent Trust Company, Argent Financial Group, and Stephen A. Martin*

/s/ W. Brad English
Of Counsel