# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| HEATH BERRY, ET AL., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM C. BAILEY, ROBERT E. ) | CIVIL ACTION NO. |
| CRAMER, JIM SCANLON, JED ) | 5:24-cv-00522-CLM |
| DEASON, JIM POSS, CAROL ) | |
| TEVEPAUGH, JOHN F. ) | |
| THOMPSON, ARGENT FINANCIAL ) | JUDGE COREY L. MAZE |
| GROUP, INC., ARGENT TRUST ) | |
| COMPANY, and STEPHEN A. ) | |
| MARTIN ) | |
| ) | |
| *Defendants*. ) | |
| ) | |
| ) | |

## ARGENT TRUST COMPANY, ARGENT FINANCIAL GROUP, INC., AND STEPHEN MARTIN'S REPLY IN SUPPORT OF THEIR MOTION TO <u>DISMISS THE SECOND AMENDED COMPLAINT</u>

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................2

    I.     ERISA Preempts Plaintiffs' State Law Claims (Counts V and VI). ..........2

    II.    The ERISA Claims (Counts VII and VIII) Fail Because The Plan Documents Limit Argent Trust's Authority And It Could Not Do What The Complaint Alleges. ...............................................................5

    III.   The Court Should Dismiss The Claims Asserted Against Argent Financial And Stephen Martin Because Neither Is A Fiduciary To The Radiance ESOP. ..................................................................10

CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..................................................................................................9

*Billings v. UNUM Life Ins. Co. of Am.*,
　459 F.3d 1088 (11th Cir. 2006) ................................................................................9

*Birmingham Plumbers & Steamfitters Loc. Union No. 91 Health & Welfare Tr.*
　*Fund v. Blue Cross Blue Shield*,
　2018 WL 1210930 (N.D. Ala. Mar. 8, 2018) ...........................................................6

*Carter v. DeKalb Cnty.*,
　521 F. App'x 725 (11th Cir. 2013) ............................................................................9

*Cotton v. Mass. Mut. Life Ins. Co.*,
　402 F.3d 1267 (11th Cir. 2005) ................................................................................6

*Daughtry v. Graham Shrimp Co.*,
　2024 WL 231849 (S.D. Ala. Jan. 22, 2024) .............................................................6

*Elite Print Grp., Inc. v. Cap. Lighting Fixture Co.*,
　2009 WL 10703225 (N.D. Ala. July 16, 2009) ........................................................8

*Ervast v. Flexible Prods. Co.*,
　346 F.3d 1007 (11th Cir. 2003) ............................................................................3, 4

*Halperin v. Richards*,
　7 F.4th 534 (7th Cir. 2021) ...................................................................................3, 4

*Kincer v. Carrington Mortg. Servs., LLC*,
　2018 WL 3997240 (N.D. Ala. Aug. 21, 2018) .........................................................7

*N.L.R.B. v. Amax Coal Co.*,
　453 U.S. 322 (1981) ..................................................................................................2

*Richmond v. Am. Sys. Corp.*,
　792 F. Supp. 449 (E.D. Va. 1992) ........................................................................3, 4

*Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan Enters., Inc.*,
    793 F.2d 1456 (5th Cir. 1986) ................................................................................4

**Statutes**

29 U.S.C. § 1002(16)(A) ...............................................................................................7

29 U.S.C. § 1102(a) ....................................................................................................10

29 U.S.C. § 1103(a) ................................................................................................7, 10

29 U.S.C. § 1144(a) ..................................................................................................2, 4

**Rules**

Fed. R. Civ. P. 11(c) ...................................................................................................10

**INTRODUCTION**

Rather than address the legal arguments that require dismissal of this Complaint against the Trustee Defendants,[1] the Opposition doubles down on the Complaint's core problem; namely, it describes the Trustee Defendants and the Radiance Defendants interchangeably. But both ERISA and the plan documents treat the Trustee Defendants and the Radiance Defendants differently. Pointing this out, as the Trustee Defendants did in moving to dismiss, is not an attempt to "claim immunity from suit" or evade "answer[ing]" for "colossal harms and losses." ECF No. 48 ("Opp.") at 4. It is, rather, an explanation of the law, which reflects Congress's conclusion that the best way to protect ERISA-plan participants like these Plaintiffs is to ensure that plan trustees operate independently from the corporations whose stock they hold, and to tie the obligations of plan trustees to the terms of written plans. It is *a good thing* that corporate defendants and ERISA trustees are not subject to the same standards. Plaintiffs cannot evade a distinction the law carefully draws and save claims that the law forecloses.

Unlike corporate insiders, the Trustee Defendants' duties and responsibilities are created by ERISA alone and, pursuant to ERISA, extend only to the Radiance ESOP, preempting these state law claims. The Trustee Defendants have *none* of the

---

[1] All capitalized terms have the same definitions as in the Trustee Defendants' motion to dismiss. *See* ECF No. 43 ("Motion").

1

state law fiduciary duties with which the Complaint tags them. In response to this explanation why the Complaint against the Trustee Defendants must be dismissed, Plaintiffs venture beyond the four corners of their Complaint to misstate both the law and the terms of the plan documents. They are wrong.

## ARGUMENT

### I. ERISA Preempts Plaintiffs' State Law Claims (Counts V and VI).

ERISA broadly preempts state law claims that "relate to" an ERISA-regulated plan. 29 U.S.C. § 1144(a). Plaintiffs effectively concede that state law claims brought "on behalf of the [Radiance ESOP]" (Complaint at 1) are preempted by Section 1144(a). Opp. at 7-12. But they argue that they have viable state law claims against the Trustee Defendants arising from Plaintiffs' status as shareholders and former employees of Radiance. *Id.* ERISA says otherwise. A plan trustee (like Argent Trust) owes duties *solely* to the plan and its participants and beneficiaries, not to the Plaintiffs or any individual Radiance employees in any other capacity. *See N.L.R.B. v. Amax Coal Co.*, 453 U.S. 322, 329, 332 (1981). The Trustee Defendants thus do not have any duties to Plaintiffs in their capacities as employees or shareholders of Radiance. *Id.*[2]

---

[2] ERISA preempts all state law claims and requires dismissal of the Complaint for all Trustee Defendants. As explained in the Motion and *infra*, the state law and ERISA claims against Argent Financial and Stephen Martin must also be dismissed for the independent reason that they had *no* individual fiduciary responsibilities to the Plaintiffs, the Radiance ESOP, or any Radiance shareholders whatsoever, because neither is a trustee to the Radiance ESOP.

Indeed, the *ERISA-regulated plan* is the only thing that creates a trustee's fiduciary duties in the first place. *See Halperin v. Richards*, 7 F.4th 534, 550-51 (7th Cir. 2021). Because plan trustees do not have any fiduciary duties other than those that arise under ERISA, federal courts routinely dismiss state law claims against "single-hat" fiduciaries like Argent (*i.e.*, plan trustees with no other role, such as an officer of the sponsoring company). *See, e.g.*, *id.*; *Richmond v. Am. Sys. Corp.*, 792 F. Supp. 449, 460 (E.D. Va. 1992); Motion at 12 n.3 (collecting cases). Plaintiffs make no attempt to respond to any of these numerous (routine) dismissals on the basis of preemption.

The cases central to the Opposition punctuate this. For example, *Ervast v. Flexible Products Co.*, 346 F.3d 1007 (11th Cir. 2003) is a case brought by an employee against *his employer and corporate officers* for alleged fiduciary breaches. There is no ESOP trustee defendant in that case, and nothing in *Ervast* stands for the proposition that *a trustee defendant* can be liable for state-law fiduciary breach claims related to an ERISA regulated plan. Rather, *Ervast* concluded that the employee's claims "hinge[d] . . . on a failure to communicate material information to which he allegedly was entitled as a shareholder." *Id.* at 1015.³ These minority

---

³ Contrary to Plaintiffs' statement that *Ervast* involved "complete and defensive preemption," Opp. at 8, the plaintiff in that case brought *only* state law claims in state court, which the defendants removed by arguing complete ERISA preemption. The Eleventh Circuit concluded that the state law claims were not completely preempted and remanded. *Ervast*, 346 F.3d at 1017. The court did not address defensive preemption (which is at issue here), which arises when state law claims are brought alongside ERISA claims in federal court. Defensive preemption is a lower

shareholder rights were recognized by state law, and the claims were asserted against the majority shareholder and corporate officers who had fiduciary duties created by state law. *Id.* at 1016-17. That case may say something about the scope of preemption *with respect to corporate defendants facing shareholder suits*, but it does not impact *the Trustee Defendants*, who have no such majority-shareholder or corporate officer duties under ERISA (or state law).

Similarly, *Sommers Drug Stores*, (Opp. at 10-11), stands for the same proposition and, again, does not name any "single-hat" (*supra* at 3) trustee defendant. *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan Enters., Inc.*, 793 F.2d 1456, 1468 (5th Cir. 1986) (state law claims by shareholders against a *corporate officer and director* were not preempted because the director had state law duties to the shareholders that were "parallel but independent" of any ERISA duties).

Plaintiffs' reliance on *Ervast* and *Sommers Drug* is just another way they fail to appreciate that the law treats ESOP trustees differently than corporate defendants. Other cases Plaintiffs cite underscore this distinction, and dismiss (as preempted) state law claims asserted against ESOP trustees even when claims against corporate fiduciaries proceed. *See* Opp. at 7-12; *Halperin*, 7 F.4th at 550-51; *Richmond*, 792

---

threshold than complete preemption, and requires dismissal of state law claims brought in federal court when those state law claims merely "relate to" an ERISA-regulated plan. 29 U.S.C. § 1144(a).

4

F. Supp. at 460 ("A state law claim brought against [a] defendant . . . in his capacity as trustee of [a stock ownership trust] unquestionably relates to an employee benefit plan under ERISA" and is preempted).

The Opposition makes no argument that *the Trustee Defendants* owe some state law duty to them that does not relate to the ERISA-regulated plan. Because the Trustee Defendants' duties arise under only ERISA and extend only to the Radiance ESOP, Plaintiffs' state law claims plainly "relate to" the Radiance ESOP and those claims against the Trustee Defendants are preempted by ERISA.[4]

## II. The ERISA Claims (Counts VII and VIII) Fail Because The Plan Documents Limit Argent Trust's Authority And It Could Not Do What The Complaint Alleges.

Plaintiffs assert that the Trustee Defendants had a duty to partake in the sale process and complete a sale of Radiance to some third-party, or else to disclose to the Radiance ESOP participants that there existed "offers" from third parties to buy Radiance. Complaint ¶¶ 36-37 (citing Sections 2.6 and 10.10 of the Plan Document and Sections 2.3, 2.5, and 3.3 of the Trust Agreement); *see also id.* ¶¶ 32, 66, 71. As explained in the Trustee Defendants' motion, the provisions cited in their Complaint, along with the Plan Document and Trust Agreement as a whole (which are incorporated into it), reveal that none of the Trustee Defendants had any of the

---

[4] For this same reason, the state law fiduciary claims fail because the Trustee Defendants have no state law fiduciary duty to begin with. *See* Motion at 13 n.4.

5

authority Plaintiffs alleged.  *See* Motion at 17-22.

These documents make clear that *Radiance* had sole authority to investigate, approve, and execute this type of offer, and *Radiance* had sole authority to communicate information about the sale process to Radiance ESOP participants. The Trustee Defendants can do only what the Plan Document and Trust Agreement allow them to, and they could not have done what the Complaint alleges they should. Absent any duty to act, these claims must be dismissed.  *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005); *Birmingham Plumbers & Steamfitters Loc. Union No. 91 Health & Welfare Tr. Fund v. Blue Cross Blue Shield*, 2018 WL 1210930, at *3 (N.D. Ala. Mar. 8, 2018).

In their Opposition, Plaintiffs abandon the provisions of the Plan Document and Trust Agreement cited in their Complaint.  Opp. at 20-25.  Instead, they point to a different provision of the Trust Agreement (Section 2.6) to argue that Argent Trust was not only a trustee but also the Radiance's ESOP's "Administrator."  Opp. at 22-23.  That is not what the documents say.

The Complaint squarely alleged "[t]he ESOP Plan Document . . . establish[es] the responsibilities of *Radiance as . . . Administrator*."  Complaint ¶ 36 (emphasis added).  The terms of the Complaint control whether it states a claim, not any counter-factual legal argument in opposition to a motion to dismiss.  *Daughtry v. Graham Shrimp Co.*, 2024 WL 231849, at *2 (S.D. Ala. Jan. 22, 2024) (a plaintiff

6

"certainly cannot contradict the allegations in the [c]omplaint with a response to a motion to dismiss") (internal quotation marks omitted); *see Kincer v. Carrington Mortg. Servs., LLC*, 2018 WL 3997240, at *1 n.2 (N.D. Ala. Aug. 21, 2018) ("[I]t is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss[.]") (citation omitted). And the Complaint is correct that Radiance (not Argent) is the Administrator. *See* ECF No. 43-1 ("Plan Document") § 1.3 (the term "'Administrator' means the Employer"—*i.e.*, Radiance).

There is no "ambiguity," Opp. at 24, in the plan documents or ERISA about Argent Trust's role. ERISA defines them separately. *See* 29 U.S.C. § 1002(16)(A) (defining plan "administrator"); *id.* § 1103(a) (setting forth that a plan's assets must be "held in trust by one or more trustees" who must be identified in the plan's governing documents). The Plan Document and Trust Agreement do, too: the Trustee (*i.e.*, Argent Trust) and Administrator (*i.e.*, Radiance) are separate entities with separately-defined duties. Plan Document §§ 1.3, 2.2, 2.4 (Administrator is tasked primarily with administering the terms of the Plan); ECF No. 43-2 ("Trust Agreement") at 1 & § 2.3 (Trustee is tasked primarily with managing the assets of the Radiance ESOP). Argent Trust is the "Trustee" pursuant to the Trust Agreement (Trust Agreement at 1) and *Radiance* is the Administrator pursuant to the Plan Document, unless Radiance designates some other entity to serve that role (Plan

7

Document §§ 1.3, 1.16).[5] And Section 2.6 of the Trust Agreement—the specific provision Plaintiffs cite in their Opposition—makes clear that "[t]he duties of the Trustee" (*i.e.*, Argent Trust) "shall be limited to those set forth in this Trust Agreement." Trust Agreement § 2.6.

Plaintiffs argue that Section 2.1(a) of the Plan Document injects ambiguity because it permits Radiance to "'appoint and remove the Trustee and the Administrator,'" even though Radiance is the Administrator pursuant to Section 1.3. Opp. at 23. But the same section permits Radiance to remove *both* "the Trustee and the Administrator," meaning they are separate roles. Plan Document § 2.1(a). And it is not hard to read Sections 1.3 and 2.1(a) together: Collectively, they (1) identify Radiance as the Administrator, (2) permit Radiance to designate some other entity as Administrator, and (3) permit Radiance to remove any Administrator that it had previously designated. Plan Document § 2.1(a). If provisions of a contract can be read harmoniously, *they must* be read that way. *See Elite Print Grp., Inc. v. Cap. Lighting Fixture Co.*, 2009 WL 10703225, at *3 (N.D. Ala. July 16, 2009) (courts "must 'interpret a contract as to reconcile . . . all of its terms'").

---

[5] The Forms 5500 Radiance filed with the Department of Labor at the end of 2022 and 2023, of which the Court may take judicial notice (*see* Motion at 6 n.2), provide that Radiance remained the Administrator and thus had not delegated the role during the relevant time period. ECF No. 43-3 at 2-3 (2022 Form 5500 providing that Radiance is the Plan Sponsor and that the Administrator is the same entity as the Plan Sponsor); Exhibit D at 2-3 (2023 Form 5500, attached to this reply as Exhibit D).

There is simply no textual support for Plaintiffs' unreasonable interpretation of the plan documents and no strained attempt to survive dismissal through manufactured ambiguity should succeed. *See Billings v. UNUM Life Ins. Co. of Am.*, 459 F.3d 1088, 1094 (11th Cir. 2006) (a plan's language is ambiguous only "'if it is susceptible to two or more *reasonable* interpretations'") (emphasis added).[6]

---

Recognizing that they provide no grounds for inferring that Argent Trust took on responsibilities other than those of the Radiance ESOP "Trustee," Plaintiffs beg the Court for discovery to uncover facts that might support their conclusory assertions. Opp. at 25.

*Iqbal* and *Twombly* prohibit this. "'[T]he doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions.'" *Carter v. DeKalb Cnty.*, 521 F. App'x 725, 728 (11th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "Rather, discovery *follows* the filing of a well-pleaded complaint," and is "not a device to enable [a] plaintiff to make a case when his complaint has failed to state a claim." *Id*. (internal quotation marks and citation omitted).

---

[6] Plaintiffs' argument about who is an "Administrator" is also a red herring. Plaintiffs nowhere explain how the Administrator had any authority under the plan documents to approve and execute a sale of Radiance to a third-party or to trigger a shareholder vote—*i.e.*, what Plaintiffs fault the Trustee Defendants for not doing. Motion at 18-20. Only the "Company" (not the "Administrator" or the "Trustee") could approve a sale in this context or determine that a shareholder vote is necessary. *Id.* (citing Trust Agreement § 3.3(b)).

9

Plaintiffs' request for time to discover facts to substantiate their conclusory allegations is a tacit admission that they did not make a reasonable inquiry into their claims prior to filing their Complaint. There is a remedy for this problem, but it is *not* discovery. *See* Fed. R. Civ. P. 11(c).[7]

### III. The Court Should Dismiss The Claims Asserted Against Argent Financial And Stephen Martin Because Neither Is A Fiduciary To The Radiance ESOP.

As the Trustee Defendants' Motion explained, the claims against Martin and Argent Financial must be dismissed because Plaintiffs do not—and cannot—allege that either is a fiduciary to the plan. *See* Motion at 14-16 (citing cases).[8] Plaintiffs' conclusory allegation in the Complaint that Martin and Argent Financial are fiduciaries—repeated in their Opposition without elaboration (Opp. at 25-26)—cannot state a plausible claim for relief entitling Plaintiffs to discovery.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims against the Trustee Defendants.

---

[7] Moreover, Plaintiffs *already have*—and quote in their Complaint—the documents that define the various duties and responsibilities related to the Radiance ESOP, so Plaintiffs already have the documents they would need to identify the proper defendants for their claims. *See* Complaint ¶¶ 36-37; 29 U.S.C. §§ 1102(a), 1103(a). The Trust Agreement and Plan Document are also attached to the Trustee Defendants' Motion for the benefit of the Court.

[8] The arguments in Sections I and II of this reply apply equally to all Trustee Defendants. But as discussed in the Motion, all of the claims against Martin and Argent Financial should be dismissed for the separate and additional reason that neither is individually a fiduciary to the Radiance ESOP or the Plaintiffs. *See* Motion at 13-16.

Dated: October 21, 2024

Donald R. James, Jr., ASB-4090-M39D
Joel E. Dillard, ASB-5418-R62J
DILLARD, MCKNIGHT, JAMES & MCELROY, LLP
2700 Highway 280, Ste. 110 East
Birmingham, Alabama 35223
Telephone: (205) 271-1100
rjames@dillardmcknight.com
jdillard@dillardmcknight.com

Respectfully submitted,

*/s/ Barbara A. Smith*

Barbara A. Smith (admitted *pro hac vice*)
Jacob B. Simon (admitted *pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
barbara.smith@bclplaw.com
jacob.simon@bclplaw.com

*Attorneys for the Trustee Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2024, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Barbara A. Smith*
Barbara A. Smith