# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| HEATH BERRY, ET AL., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>WILLIAM C. BAILEY, ROBERT E. )<br>CRAMER, JIM SCANLON, JED )<br>DEASON, JIM POSS, CAROL )<br>TEVEPAUGH, JOHN F. )<br>THOMPSON, ARGENT FINANCIAL )<br>GROUP, INC., ARGENT TRUST )<br>COMPANY, and STEPHEN A. )<br>MARTIN )<br>)<br>*Defendants*. )<br>)<br>) | CIVIL ACTION NO.<br>5:24-cv-00522-CLM<br><br>JUDGE COREY L. MAZE |

## DEFENDANTS ARGENT TRUST COMPANY, ARGENT FINANCIAL GROUP, INC., AND STEPHEN MARTIN'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

The Court may properly consider the 2022 Form 5500 the Trustee Defendants attached to their motion to dismiss (ECF No. 43, the "Motion"), the only document submitted by the Trustee Defendants that Plaintiffs' motion to strike (ECF No. 49) challenges.[1]

---

[1] The other two documents the Trustee Defendants attached to their motion to dismiss—the Plan Document and Trust Agreement (ECF Nos. 43-1, 43-2)—are not challenged by the motion to strike and Plaintiffs concede they are properly before the Court. ECF No. 49 at 1-2.

1

The Radiance ESOP Form 5500 is a publicly-available mandatory disclosure submitted by the Radiance ESOP to the Department of Labor (which regulates plans governed by ERISA). It can be located on the Agency's website at www.efast.dol.gov/5500Search. The Form reiterates that, consistent with what the plan documents contemplate, Argent Trust did not have the fiduciary duties and responsibilities about which Plaintiffs complain. As a matter of law, the Court may consider it. As a matter of fact, it further dooms the Complaint.[2]

The Court may take judicial notice of the Form 5500 because it is a document the Radiance ESOP must file with a governmental agency, the Department of Labor, and publicly available on the Agency's website. *See* Fed. R. Evid. 201(b)(2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (on a motion to dismiss, court may consider the complaint and matters of which it may take judicial notice); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (courts may take judicial notice of "relevant public documents required to be filed"

---

[2]   The Trustee Defendants attached the 2023 version of this same Form 5500 to their reply brief (ECF No. 57, "Reply), thus covering the Radiance ESOP's publicly available disclosures for the entire timeframe (2022-2023) that is the subject of this lawsuit. *See* ECF No. 57-1. The arguments why the 2022 Form 5500 are available for consideration at this stage apply equally to the 2022 and 2023 versions of that form.
   The 2023 Form refutes the baseless argument—made for the first time in Plaintiffs' opposition to the Motion and in contravention of the allegations in the Complaint—that Argent Trust held the role of the plan "Administrator" of the Radiance ESOP. *See* Reply at 8 n.5. Together, the 2022 and 2023 Forms 5500 confirm what the plan documents indicate: that Argent Trust could not effect a sale of the company, and at all relevant times Radiance served as the Radiance ESOP's "Administrator." *Id.* at 5-10.

with government agency, "and actually filed"). For this reason, courts routinely take judicial notice of Form 5500 filings in connection with complaints raising ERISA claims, like this one. *See, e.g.*, *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1067 (N.D. Cal. 2017); *Walsh v. Ruane, Cunniff & Goldfarb, Inc.*, 2022 WL 902285, at *4 n.2 (S.D.N.Y. Mar. 28, 2022); *Schissler v. Janus Henderson US (Holdings) Inc.*, 2023 WL 6902050, at *5 (D. Colo. Sept. 7, 2023); *Tobias v. NVIDIA Corp.*, 2021 WL 4148706, at *5 (N.D. Cal. Sept. 13, 2021) (citing cases).[3]

The reason to take notice of the 2022 Form is because it shows that, at year-end 2022, all Radiance stock held in the Radiance ESOP was allocated to individual participant accounts. Motion at 6 n.2 (citing ECF No. 43-3 at 29). Because the Trust Agreement gives Argent Trust authority to vote only (1) Radiance shares that are not allocated to any individual participant account, or (2) allocated shares for which Argent Trust does not receive voting directions, Motion at 5-6 (citing Trust Agreement § 3.3(b)), it matters that there was *no* unallocated stock. This establishes that Argent Trust had very limited discretionary authority to vote Radiance stock *even if* the Radiance board of directors had put a sale up for a shareholder vote (and Plaintiffs concede the board did not even do *that*). *Id.* at 19-20 & n.8. This squarely

---

[3] The Court may also take judicial notice of the facts included in the Form 5500 because they are not subject to reasonable dispute. *See Clark v. PNC Bank, N.A.*, 2014 WL 359932, at *1 n.3 (N.D. Ga. Feb. 3, 2014) (taking judicial notice of SEC filings to establish fact of merger between corporate entities); *Tobias*, 2021 WL 4148706, at *5 (considering facts in Form 5500).

refutes Plaintiffs' allegation that the Trustee Defendants breached their fiduciary duties by "failing to effect a sale of Radiance." ECF No. 33 ¶ 78. Argent Trust had no discretion to vote any of the participants' shares in the first instance because, as the Form 5500 makes clear, there were no unallocated shares. So the Trustee Defendants *could not* have plausibly "effect[ed] a sale" of Radiance even if such a vote had been called. Motion at 20 & n.8.

To be clear: the Court may grant the Trustee Defendants' motion to dismiss *without* considering the 2022 Form if it chooses, because the authority given Argent Trust by the plan documents make clear it had no power to effectuate a sale of the company or communicate sale information to Radiance ESOP participants. *See* Motion at 17-23. And Plaintiffs concede in their Complaint that the individual participants, not Argent Trust, would have held all voting rights to approve or disapprove a sale had the Radiance board of directors called for one, consistent with what the plan documents and 2022 Form 5500 make clear. *See id.* at 20 n.8 (citing Complaint ¶ 37(a)). But taking notice of the 2022 Form (which the Court has the authority to do) puts a final nail in the Complaint's coffin by reinforcing that the Trustee Defendants' authority and responsibilities were as limited as the plan documents and Plaintiffs' own allegations suggest.

The Court should thus deny Plaintiffs' motion to strike the 2022 Form 5500 that the Trustee Defendants attached to their Motion and proceed to consider it when

4

granting the Trustee Defendants' Motion.

Dated: October 22, 2024

Respectfully submitted,

*/s/ Barbara A. Smith*

| | |
|---|---|
| Donald R. James, Jr., ASB-4090-M39D<br>Joel E. Dillard, ASB-5418-R62J<br>DILLARD, MCKNIGHT, JAMES & MCELROY, LLP<br>2700 Highway 280, Ste. 110 East<br>Birmingham, Alabama 35223<br>Telephone: (205) 271-1100<br>rjames@dillardmcknight.com<br>jdillard@dillardmcknight.com | Barbara A. Smith (admitted *pro hac vice*)<br>Jacob B. Simon (admitted *pro hac vice*)<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>One Metropolitan Square<br>211 N. Broadway, Suite 3600<br>St. Louis, Missouri 63102<br>Telephone: (314) 259-2000<br>barbara.smith@bclplaw.com<br>jacob.simon@bclplaw.com |

*Attorneys for the Trustee Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 22, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Barbara A. Smith*
Barbara A. Smith