IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **HEATH BERRY, et al.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **WILLIAM C. BAILEY, et al.,** <br><br> **Defendants.** | **CIVIL ACTION NO.:** <br> **5:24-CV-00522-CLM** |

**PLAINTIFFS' CONSOLIDATED REPLY TO RADIANCE DEFENDANTS' RESPONSE (DOC. 56) AND ARGENT DEFENDANTS' OPPOSITION (DOC. 58) TO PLAINTIFFS' MOTION TO STRIKE (DOC. 49)**

Plaintiffs[1] file this Consolidated Reply to the Response to the Motion to Strike of the Radiance Defendants[2] (Doc. 56) and the Opposition to the Motion to Strike of

---

[1] Plaintiffs include Heath Berry ("**Berry**"), Jade Baker ("**Baker**"), Shawn Wilbert ("**Wilbert**"), Eric Briggs ("**Briggs**"), and Daniel Anderson ("**Anderson**," collectively "**Plaintiffs**"), each individually and derivatively on behalf of Radiance Technology, Inc. ("**Radiance**") and its "**Shareholders**"; individually and derivatively on behalf of the Radiance Employee Stock Ownership Plan (the "**ESOP**"); and the Shareholders, individually and derivatively on behalf of themselves and the present and future owners or holders of Stock Appreciation Rights ("**SARs**"), vested or unvested.

[2] The Radiance Defendants include Robert E. (Bud) Cramer, Jim Scanlon, Jed Deason, Jim Poss, Carol Tevepaugh, and John Thompson (the "**Board Defendants**") and William C. Bailey ("**Bailey**" collectively with the Board Defendants, the "**Radiance Defendants**").

1

the Argent Defendants³ (Doc. 58). Plaintiffs' Motion to Strike (Doc. 49) should be granted for the reasons set forth in their original motion and those discussed herein.

---

[3] The Argent Defendants include Argent Trust Company ("**Argent Trust**"), Argent Financial Group, Inc. ("**Argent Financial**"), and Stephen Martin ("**Martin**" collectively, the "**Argent Defendants**"). The Argent Defendants together with the Radiance Defendants are referred to herein collectively as "**Defendants**."

## **TABLE OF CONTENTS**

A.   The Court Should Not Take Judicial notice of Exhibits 1-7 and Exhibit 11 Attached to Radiance's Motion to Dismiss………………………………..4

    1.   The Case Law the Radiance Defendants Cite in Support of Consideration of Pleadings in Other Actions (Exhibits 1, 2, 4, 5, and 11)………………………………………………………...……………..4

    2.   The Court Should Decline to Take Judicial Notice of the Online Information Contained in Radiance Exhibits 3, 6, and 7 and Argent Exhibit C……………………………………………………………...5

B.   The Court should not consider Exhibits 3, 6, 7, or 9 under the incorporation by reference exception….…………………………………………………7

CONCLUSION……………………………………………………………….8

> **A.  The Court Should Not Take Judicial notice of Exhibits 1-7 and Exhibit 11 Attached to Radiance's Motion to Dismiss.**
>
> **1.  The Case Law the Radiance Defendants Cite in Support of Consideration of Pleadings in Other Actions (Exhibits 1, 2, 4, 5, and 11).**

The case law Radiance Defendants cite in support of the Court's considering pleadings from other actions (Exhibits 1, 2, 4, 5, and 11) is not on point. Almost every case cited involved consideration of pleadings from prior litigation which were specifically germane to the claims or defenses in the then-present case: *res judicata* analysis,[4] judicial estoppel analysis,[5] or claims based on deprivation of constitutional rights premised on occurrences in a prisoner's underlying criminal proceeding.[6] Similarly, *Daker v. Head* involved a court taking judicial notice of a plaintiff's prior false claims of *in forma pauperis* status. *See Daker v. Head*, No. 19-13101, 2022 WL 2903410, at *1 (11th Cir. July 22, 2022) ("A district court may look beyond a party's IFP application to determine his financial means."). In *Overstreet v. Worth Cnty. Ga*, the court took judicial notice of an earlier action regarding the same subject matter for the limited purpose of determining that Plaintiff's claims accrued no later than

---

[4] *See DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 433 (11th Cir. 2019); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010; *Concordia v. Bendekovic*, 693 F.2d 1073, 1076 (11th Cir. 1982); *see also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.").

[5] *See Turner v. AMICO*, No. CV-15-BE-1202-S, 2015 WL 7770232, at *6 (N.D. Ala. Dec. 3, 2015).

[6] *See Cunningham v. District Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010)).

4

the date when the earlier action was filed, and thus that they were barred by the statute of limitations in the later action. *See Overstreet v. Worth Cnty. Ga.*, No. 21-14391, 2022 WL 4007460, at *3 (11th Cir. Sept. 2, 2022).

As the Eleventh Circuit has explained: "[A] court may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." *DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 433 (11th Cir. 2019) (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotation marks omitted)).

    **2.    The Court Should Decline to Take Judicial Notice of the Online Information Contained in Radiance Exhibits 3, 6, and 7 and Argent Exhibit C.**

Contrary to Defendants' representations, courts—including those cited by Defendants, like *Coffin*—are skeptical of taking judicial notice of the content of LinkedIn profiles. *See Coffin v. Magellan HRSC, Inc.*, No. CIV 20-0144 JB/GJF, 2021 WL 2589732, at *32 n.21 (D.N.M. June 24, 2021) ("The Court agrees that a LinkedIn profile is not a generally 'accurate and ready ... source whose accuracy cannot reasonably be questioned' …." (quoting Fed. R. Evid. 201(b)); *Mason v. Midland Funding LLC*, No. 1:16-CV-02867-CC-RGV, 2017 WL 6994577, at *11 (N.D. Ga. July 27, 2017), *report and recommendation adopted as modified*, No. 1:16-CV-2867-CC, 2017 WL 8186866 (N.D. Ga. Sept. 29, 2017) ("LinkedIn profile[s] ... are not capable of ready and accurate determination by resort to sources

whose accuracy cannot reasonably be questioned." (quoting *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996 JCS, 2012 WL 6553988, at *2 (N.D. Cal. Dec. 14, 2012)). Similarly, the Eleventh Circuit has explained

> [T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court….

*Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997); *see also Mercola v. New York Times Co.*, No. 24-10784, 2024 WL 3443465, at *1 (11th Cir. May 6, 2024) (refusing to take judicial notice of the New York Times' state of incorporation based on its filings on the SEC website as requested by the parties in their joint filing, and noting that judicial notice is "generally reserved only for scientific facts, matters of geography, or matters of political history" (citing *Shahar*)). The Court should thus decline to take judicial notice of the contents of Radiance Exhibits 3, 6, and 7 and Argent Exhibit C.  *See, e.g.*, *Cervantes v. Invesco Holding Co. (US), Inc.*, No. 1:18-CV-02551-AT, 2019 WL 5067202, at *11 (N.D. Ga. Sept. 25, 2019) (taking judicial notice of the existence and fact of filing of Form 5500 attachments, but declining to "take judicial notice of the truth of their contents or 'one party's opinion of how a matter of public record should be interpreted'" (quoting *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1126 (C.D. Cal. 2015)).

**B. The Court should not consider Exhibits 3, 6, 7, or 9 under the incorporation by reference exception.**

Lastly, Defendants' argument regarding Exhibit 9 and Exhibits 3, 6, and 7 should also fail. Unlike the contract at issue in *Maxcess* or the video camera footage in *Johnson*, the contents of the exhibits Defendants reference are not mentioned in the Plaintiffs' Complaint, nor are they pled as "central to Plaintiffs' claims" in this case.[7] *See Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337 (11th Cir. 2005); *Johnson v. City of Atlanta*, 107 F.4th 1292 (11th Cir. 2024). Indeed, while the ESOP Summary Plan Description ("**SPD**") may be probative of the parties' understanding of the agreements and may have further significance to be determined in discovery, Plaintiffs' Complaint did not allege that the SDP was itself an enforceable agreement or had independent, self-executing legal significance. The same is true of the LinkedIn profiles and the COLA website announcement in Exhibits 3, 6, and 7. If merely being probative of facts relevant to a complaint's claims were sufficient to meet the incorporation by reference doctrine, then there would be no distinction between motions to dismiss and motions for summary judgment. The Court should decline Defendants' invitation to consider evidentiary submissions appropriate for a motion for summary judgment at this stage in the litigation.

---

[7] While the complaint in *Johnson* may not have mentioned the video footage itself, it made allegations about the police officer's actions that were the subject of the footage. Similarly, while the release in *Maxcess* was not mentioned in the complaint, it was central to the plaintiff's claims because the plaintiff would have to show that the release either did not cover plaintiff's claims or was unenforceable in order for the plaintiff's claims to be viable.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court to grant their Motion to Strike (Doc. 49), and enter any additional or different relief the Court deems just and appropriate.

                                      Respectfully submitted,

                                      *s/ G. Bartley Loftin, III*
                                      G. Bartley Loftin, III
                                      bartley@loftinholt.com

| **OF COUNSEL:** | **OF COUNSEL:** |
|---|---|
| Douglas B. Hargett | Wilson F. Green |
| Amanda J. Turnage | Wilson F. Green LLC |
| Jordan E. Loftin | 301 19th Street North, Ste. 525 |
| Rebecca K. Hall | Birmingham, AL 35203 |
| Loftin Holt Hall & Hargett LLP | 2620 6th Street, Ste. 200 |
| 200 Clinton Ave. W, Ste. 405 | Tuscaloosa, AL 35401 |
| Huntsville, AL 35801 | P.O. Box 2536, Tuscaloosa, AL 35403 |
| Telephone: (256) 929-7997 | Telephone: (205) 722-1018 |
| douglas@loftinholt.com | wilson@wilsongreenlaw.com |
| amanda@loftinholt.com | *Counsel for Plaintiffs* |
| jordan@loftinholt.com | |
| rebecca@loftinholt.com | |
| *Counsel for Plaintiffs* | |

## **CERTIFICATE OF SERVICE**

I certify that a copy has been electronically filed with the Clerk of the Court on October 29, 2024, using the CM/ECF system, which will notify the following:

| | |
|---|---|
| W. Brad English<br>Emily J. Chancey<br>La Keisha W. Butler<br>Robert G. Jones<br>Taylor R. Holt<br>Maynard Nexsen PC<br>655 Gallatin Street<br>Huntsville, Alabama 35801<br>*Counsel for Defendants Robert E. (Bud) Cramer, Jim Scanlon, Jed Deason, Jim Poss, Carol Tevephaugh, and John F. Thompson*<br><br>J. Ethan McDaniel<br>Thomas J. Butler<br>Grace R. Murphy<br>Thomas W.H. Buck, Jr.<br>S. Reeves Jordan<br>Maynard Nexsen PC<br>1901 6th Avenue North, Suite 1799<br>Birmingham, AL 35201<br>*Counsel for Defendants Robert E. (Bud) Cramer, Jim Scanlon, Jed Deason, Jim Poss, Carol Tevephaugh, and John F. Thompson* | David J. Hodge<br>Morris King & Hodge PC<br>200 Pratt Avenue<br>Huntsville, AL 35801<br>*Counsel for Defendant William C. Bailey*<br><br>Donald R. James, Jr.<br>Joel E. Dillard<br>Dillard, McKnight, James & McElroy, LLP<br>2700 Highway 280 East, Suite 110<br>Birmingham, AL 35223<br>*Counsel for Argent Trust Company, Argent Financial Group, Inc. and Stephen Martin*<br><br>Barbara A. Smith<br>Jacob B. Simon<br>Bryan Cave Leighton Paisner LLP<br>One Metropolitan Square<br>211 N. Broadway, Suite 3600<br>St. Louise, Missouri 63102<br>*Counsel for Argent Trust Company, Argent Financial Group, Inc. and Stephen Martin* |

                                                *s/ G. Bartley Loftin, III*
                                                G. Bartley Loftin, III